# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| NIAZI LICENSING CORPORATION, | Civ. No. 17-5096 (WMW/BRT) |
| Plaintiff, | |
| v. | |
| ST. JUDE MEDICAL S.C., INC., | **ORDER ON DEFENDANT'S MOTION TO EXTEND EXPERT DISCOVERY DEADLINES** |
| Defendant. | |

This matter is before the Court on Defendant St. Jude Medical, S.C., Inc.'s ("St. Jude") Motion to Extend Expert Discovery Deadlines. (Doc. No. 108.) St. Jude filed its motion on August 12, 2019. Plaintiff Niazi Licensing Corporation ("Niazi") filed its opposition to St. Jude's Motion on August 19, 2019. (Doc. No. 117.) With the permission of the Court, Boston Scientific (a defendant in a related matter) filed a letter regarding St. Jude's motion to extend the expert discovery deadlines on August 20, 2019. (Case No. 17-cv-5094 (WMW/BRT), Doc. No. 9.)

## BACKGROUND

This patent infringement lawsuit was filed on November 13, 2017, along with two related cases – *Niazi Licensing Corporation v. Boston Scientific Corp.*, Case No. 17-cv-05094 (WMW/BRT) and *Niazi Licensing Corporation v. Medtronic Inc.*, Case No. 17-cv-05095 (WMW/BRT). A Pretrial Scheduling Order was issued that applied to all three related cases. The original Pretrial Scheduling Order dated March 1, 2018, stated as follows:

> If a claim construction order is not issued by the District Court prior to the deadline for initial expert reports, the parties are on notice that their experts should address both parties' respective positions. In the event the Court adopts claim constructions different from either parties' proposals, they may seek to amend the scheduling order to permit limited discovery or to update the expert reports only as to the Court's different claim construction. Such request must be made to the magistrate judge no later than **14 days** after the Court's claim construction order. Any party's request to amend their contentions is limited to the Court's different claim construction of a particular term/phrase. Such requests must be made to the magistrate judge no later than **14 days** after the Court's claim construction order.

(Doc. No. 29 at 11.)

On October 12, 2018, St. Jude, along with the defendants in the other two related cases, sought a stay of all three related cases based on Medtronic filing two petitions for inter partes review. (Doc. No. 55.) The Court granted the stay in all three matters. (Doc. No. 59.) This Court's stay Order required counsel to "inform their clients that, should any claims survive IPR, the Court will set a scheduling conference to establish a new case schedule and that the case will proceed on a fast track." (*Id*. at 10.)

The stay was lifted on February 22, 2019, and a Second Amended Scheduling Order issued. (Doc. No. 65.) The Second Amended Scheduling Order provided the following expert deadlines relevant to this dispute.

2. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed no later than **August 27, 2019**.

3. The initial expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **October 15, 2019**.

4. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **November 15, 2019**.

5. Any rebuttal expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **November 15, 2019**.

6. All expert discovery, including expert depositions, must be completed by **December 18, 2019**.

    The parties must confer and coordinate expert depositions. This conference should immediately follow the disclosure of the expert so that all expert depositions can be coordinated and completed on time. Counsel for the parties must anticipate these dates on their schedules. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

7. Each side may call up to **3 experts**. Each side may take **3 depositions per expert**.

8. If a claim construction order is not issued by the District Court prior to the deadline for initial expert reports, the parties are on notice that their experts should address both parties' respective positions. In the event the Court adopts claim constructions different from either parties' proposals, they may seek to amend the scheduling order to permit limited discovery or to update the expert reports only as to the Court's different claim construction. Such request must be made to the magistrate judge no later than **14 days** after the Court's claim construction order. Any party's request to amend their contentions is limited to the Court's different claim construction of a particular term/phrase. Such requests must be made to the magistrate judge no later than **14 days a**fter the Court's claim construction order.

(*Id.* at 10–11.)

## **ANALYSIS**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* L.R. 16.3(b)(1). There is no good cause for extending the deadlines for expert discovery. The framework for the disclosure of expert reports has been in place for years and the parties have been on notice that their experts would need to address both parties' respective positions on claim construction if a claim

construction order was not issued before the deadlines for reports. When the case was stayed, based on the filing of IPRs by Medtronic, the parties were on notice that the case would proceed on a fast track if any claims survived. The stay was lifted, and an Amended Scheduling Order was entered on February 22, 2019, applying the same framework for expert discovery, but with different dates. The parties did not object to the framework and did not appeal this Court's Amended Scheduling Order.

In addition, also set forth in the Amended Scheduling Order was the framework for claim construction exchanges. The "final list" of terms, phrases, or clauses" to be construed was due by April 26, 2019. (Doc. No. 65 at 8.) The parties filed their Joint Claim Construction Report and statement on May 30, 2019. (Doc. No. 78.) Thus, the parties have been well aware of the parties' positons on claim construction since at least the end of May. And contrary to Defendant's argument, their experts do not need to address the "hundreds of permutations" that Defendants assert might potentially apply. The Amended Scheduling Order only requires the parties' experts to address each side's respective positions on claim constructions.

This case is almost two years old. The Court recognizes that some scheduling orders provide that expert discovery and depositions begin after claim construction. Other scheduling orders—like the one applicable to this case—require experts to write their reports in the alternative relative to each side's proposed construction. Plaintiff—and the Court—relied on the February 22, 2019 Amended Scheduling Order to ensure that this case would timely proceed on a fast track following the lifting of the stay. Therefore, for these reasons, St. Jude's Motion to Extend the Deadlines is denied for failure to show

good cause.

## ORDER

Based on the file, record, and submissions, and for the reasons stated above,

**IT IS HEREBY ORDERED** that:

1. St. Jude Medical, S.C., Inc.'s Motion to Extend Expert Discovery Deadlines (Doc. No. 108) is **DENIED**;

2. The hearing scheduled for **August 28, 2019**, on this matter is **CANCELED.**

Date: August 20, 2019                              *s/ Becky R. Thorson*
                                                   BECKY R. THORSON
                                                   United States Magistrate Judge