UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Niazi Licensing Corporation, | Case No. 17-cv-5096 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| St. Jude Medical S.C., Inc., | |
| Defendant. | |

Before the Court is Plaintiff Niazi Licensing Corporation's (NLC) appeal, (Dkt. 157), of the December 2, 2019 Order of United States Magistrate Judge Becky R. Thorson, (Dkt. 145). For the reasons addressed below, the December 2, 2019 Order is affirmed.

## BACKGROUND

NLC filed this lawsuit against Defendant St. Jude Medical S.C., Inc. (St. Jude) for infringement of a single patent. Fact discovery for the case closed on September 13, 2019. Initial expert written reports were due by October 15, 2019. On that date, NLC provided St. Jude the expert report of NLC's liability expert, Dr. Martin Burke, which addresses St. Jude's alleged infringement. NLC also provided the report of its damages expert, Brad Carlson, which addresses NLC's patent-infringement damages estimate. St. Jude moved to strike facts disclosed in Dr. Burke's expert report and Carlson's expert report that were not disclosed before the fact-discovery deadline. Neither party disputes that, despite multiple requests from St. Jude, NLC did not disclose during the discovery period

Dr. Burke as a fact witness or any alleged instances of his direct infringement. NLC contends that, on October 4, 2019, it first learned that Dr. Burke directly infringed NLC's method patent using St. Jude's products, and on October 15, 2019, NLC disclosed this information to St. Jude. When asked by the magistrate judge, NLC's explanation for failing to disclose the information earlier was "we were busy . . . so we put off talking to Dr. Burke until we wrapped up, you know, what we were working on at the time." NLC also does not dispute that it did not disclose until October 15, 2019, facts that Carlson relied on in his report addressing reasonable royalties. NLC maintains that it first learned of the information concerning reasonable royalties referenced in Carlson's report on October 10, 2019, five days before NLC's disclosure. NLC explained that it did not produce this information because it only was required to produce a list of documents with Carlson's expert report even if the listed documents were not available through previously produced discovery.

After receiving briefing and oral argument on the matter, the magistrate judge granted St. Jude's motion to exclude the untimely disclosures pursuant to Rule 37. *See* Fed. R. Civ. P. 37. The magistrate judge rejected NLC's argument that NLC only was required to produce a list of documents that Carlson relied on, explaining that a list of documents may be sufficient at times, but any list must identify items that were produced in discovery if they are not general information. Similarly, the magistrate judge rejected NLC's argument that its disclosure of facts in Dr. Burke's report was timely because NLC turned over the information shortly after it obtained the information. The magistrate judge concluded that, "even if [NLC's] late disclosure was not intended to sandbag, it is in the

2

Court's view inexcusable." The magistrate judge also found that the late disclosure is unfairly prejudicial because St. Jude did not have the opportunity to engage in timely fact discovery, the disclosure of Dr. Burke as a fact witness was an unfair surprise, and reopening fact discovery could result in St. Jude incurring significant additional expenses.[1]

In its appeal of the magistrate judge's order, NLC argues that the magistrate judge misapplied the relevant factors when deciding to exclude evidence under Rule 37, Fed. R. Civ. P., and that the magistrate judge's reliance on *Dedmon v. Continental Airlines, Inc.*, No. 13-cv-0005, 2015 WL 4639737 (D. Colo. Aug. 5, 2015), is misplaced.

**ANALYSIS**

This Court applies an "extremely deferential" review of a magistrate judge's ruling on a nondispositive issue. *Smith v. Bradley Pizza, Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018) (internal quotation marks omitted). Such a ruling will be modified or set aside only when the ruling is clearly erroneous or contrary to law. *Id.* (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3)). A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A decision is contrary to law when a court "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

---

[1] The magistrate judge observed that reopening fact discovery would involve a significant expense, and a "clear record" was made that the expense "could involve hundreds and thousands of dollars."

Rule 26(a), Fed. R. Civ. P., requires parties in civil litigation to make certain disclosures, and Rule 26(e), Fed. R. Civ. P., establishes the duty to supplement those disclosures. The failure to comply with disclosure obligations in a timely manner is equivalent to the failure to disclose. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). Here, the magistrate judge found that NLC failed to comply with Rule 26 by failing to produce in discovery evidence as to Dr. Burke's alleged instances of direct infringement and as to the royalties from two license agreements on which Carlson's expert report relies. NLC does not dispute the magistrate judge's finding.

When a party either fails to provide information or fails to identify a witness in compliance with Rule 26(a) and Rule 26(e), respectively, that party shall not "use that information or witness to supply evidence on a motion, at a hearing, or at a trial," unless the party's failure is either substantially justified or harmless. Fed. R. Civ. P. 37. A district court may exclude such information or testimony as a self-executing sanction when the party's failure is not substantially justified or harmless. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702–03 (8th Cir. 2018); *see also* Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment (explaining that Rule 37(c) is a self-executing sanction for failure to make a disclosure required by Rule 26(a), without a need for a motion). A district court also may, "on motion," impose an alternative or other appropriate sanction in addition to or instead of this sanction. *Vanderberg*, 906 F.3d at 702–03.

NLC argues that the magistrate judge erred when weighing the four factors for addressing whether failure to timely disclose information was substantially justified or

harmless. But contrary to NLC's argument, there is no such four-factor test.[2] Eighth Circuit case law is silent as to the precise nature of such a test for determining whether failure to disclose information was substantially justified or harmless under Rule 37(c)(1).[3] In *Wegener v. Johnson*, the Eighth Circuit referred to multiple relevant factors, explaining: "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." 527 F.3d 687, 692 (8th Cir. 2008). The factors addressed in *Wegener* apply when fashioning an alternative sanction when a party moves for such "[i]n addition to or instead of" the self-executing sanction of exclusion, Fed. R. Civ. P. 37(c)(1), or when exclusion of the evidence is tantamount to

---

[2] When reviewing district court rulings that *predate* the effective date of Rule 37(c)(1), the Eighth Circuit addressed four factors for courts to consider when determining whether to exclude evidence that a party did not properly disclose. *E.g., Citizens Bank of Batesville v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994); *see also Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 405 (8th Cir. 2013) (explaining that it was not error for district court to consider the "balancing test we previously found helpful to evaluate the admissibility of evidence a party did not properly disclose").

[3] *See, e.g., Smith v. AS Am., Inc.*, 829 F.3d 616, 624 & n.7 (8th Cir. 2016); *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 891 (8th Cir. 2015); *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1204 (8th Cir. 2015); *Malone v. Ameren UE*, 646 F.3d 512, 515–16 (8th Cir. 2011); *Fu v. Owens*, 622 F.3d 880, 883–84 (8th Cir. 2010); *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 427 (8th Cir. 2009); *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004); *Arabian Agr. Servs. Co. v. Chief Indus., Inc.*, 309 F.3d 479, 483 (8th Cir. 2002); *Trost*, 162 F.3d at 1008.

dismissal, *see Vanderberg*, 906 F.3d at 704–05; *see also Hallmark Indus., Inc. v. Hallmark Licensing, LLC*, No. 4:18-cv-0236, 2019 WL 302514, at *3–4 (W.D. Mo. Jan. 23, 2019).

NLC argues that "[e]xclusion of evidence is a harsh penalty, and should be used sparingly." *See ECLA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995). Cases in which exclusion is appropriate usually involve either intentional withholding of information or an eleventh-hour disclosure before trial, NLC contends. But exclusion also may be appropriate when "the record contains no hint of bad faith." *Vanderberg*, 906 F.3d at 704; *see also Fu*, 622 F.3d at 883–84. And NLC did not avail itself of the opportunity to seek a lesser sanction. Under Rule 37(c)(1), when a party violates the disclosure requirements in Rule 26(a), an alternative sanction to exclusion may be imposed by the court "on motion." *Vanderberg*, 906 F.3d at 702. But NLC has made no such motion, nor did NLC advance any argument before the magistrate judge for an alternative sanction. Moreover, the exclusion of untimely disclosures resulting in more severe consequences has been upheld in this Circuit. *See Brooks v. Union Pac. R.R. Co.*, 620 F.3d 896, 900 (8th Cir. 2010) (concluding that because the plaintiff failed to comply with the requirements of Rule 26(a)(2), the district court properly excluded plaintiff's expert opinion on causation, resulting in the inability to refute the causation opinion of defendant's expert and summary judgment in favor of defendant).

NLC contends that its failure to timely produce evidence was justified because it did not learn about the evidence until fact discovery ended. And NLC argues that any prejudice to St. Jude can be remedied by a continuance and the opportunity to depose witnesses. But ignorance, without diligence, is not a viable excuse. *See Wegener*, 527

F.3d at 693 (untimely production of expert report was not substantially justified when party failed to exercise due diligence). The record supports the magistrate judge's finding that NLC was not diligent in discovery as to liability expert Dr. Burke or as to the royalty evidence on which Carlson relied. In addition, NLC's failure to timely produce such discovery evidence is not harmless simply because any prejudice can be remedied by a continuance and additional depositions. *See, e.g.*, *Vanderberg*, 906 F.3d at 704 (affirming district court finding that failure to comply with Rule 26(a)(2) was not harmless when allowing the evidence would require a continuance to allow defendant an opportunity to conduct depositions and find rebuttal evidence, requiring additional expenditures).

Finally, NLC objects to the magistrate judge's reliance on *Dedmon v. Continental Airlines, Inc.*, No 13-cv-0005, 2015 WL 4639737 (D. Colo. Aug. 5, 2015), and asserts that because neither party cited the case in their briefs, NLC was deprived of the opportunity to properly distinguish the case.[4] *Dedmon* is distinguishable, NLC argues, because the plaintiff in *Dedmon*, who was aware of the evidence during fact discovery, was dilatory in obtaining the evidence and disclosed the evidence more than a year and a half after its discovery. But the measure of timeliness is twofold: first, as to a party's diligence in discovering the evidence and, second, as to the duration between discovery and evidence disclosure. *Dedmon*, 2015 WL 4639737, at *4. The Court agrees with the magistrate

---

[4] Any suggestion that the magistrate judge erred by relying on a case that neither party cited is unavailing. *See, e.g.*, *de Fontbrune v. Wofsy*, 838 F.3d 992, 999 (9th Cir. 2016) ("Although our common law system relies heavily on advocacy by the parties, judges are free to undertake independent *legal* research beyond the parties' submissions.").

judge's observation that to conclude otherwise would invite subversion of "the very purpose of Rule 26" by simply waiting to obtain relevant information and then arguing that it was turned over as soon as it was received. *Id.* Timeliness is measured both by a party's diligence *and* the duration between discovery and disclosure. The magistrate judge's analysis is legally sound.

The magistrate judge did not err in determining that NLC's failure to disclose facts relied on in the expert reports of Dr. Burke and Carlson, respectively, was neither substantially justified nor harmless. Nor did the magistrate judge abuse her discretion by excluding such evidence under Rule 37.[5] Because the December 2, 2019 Order is neither clearly erroneous nor contrary to law, NLC's objections are overruled.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the December 2, 2019 Order, (Dkt. 145), is **AFFIRMED**.

Dated: April 2, 2020  s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

---

[5] As the *Vanderberg* court observed, a split of authority exists as to whether a district court *must* exclude evidence when a party's failure to comply with Rule 26(a) or (e) was neither substantially justified nor harmless. 906 F.3d at 703 n.3. As in *Vanderberg*, this Court need not consider whether the magistrate judge was *compelled* to exclude such evidence.