UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Niazi Licensing Corporation, | Case No. 17-cv-5096 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| St. Jude Medical S.C., Inc., | |
| Defendant. | |

---

Before the Court is Plaintiff Niazi Licensing Corporation's (NLC) appeal, (Dkt. 271), of the April 30, 2020 Order of United States Magistrate Judge Becky R. Thorson, (Dkt. 250), which imposed sanctions on NLC for violating a prior order of the Court. For the reasons addressed below, the April 30, 2020 Order is affirmed.

## BACKGROUND

NLC commenced this patent-infringement action against Defendant St. Jude Medical S.C., Inc. (St. Jude) in November 2017. Fact discovery closed on September 13, 2019, and initial expert written reports were due by October 15, 2019. On that date, NLC provided St. Jude the expert report of NLC's liability expert, Dr. Martin Burke, which addresses St. Jude's alleged infringement. St. Jude moved to strike facts from Dr. Burke's expert report that were not disclosed before the fact-discovery deadline as well as any testimony, opinion, or argument related to the undisclosed facts. It is undisputed that NLC did not disclose Dr. Burke as a fact witness before the close of fact discovery and that Dr. Burke's expert report contained facts that were not disclosed before the close of fact

discovery. Indeed, NLC explained to the magistrate judge that it failed to disclose certain facts pertaining to Dr. Burke earlier because "we were busy . . . so we put off talking to Dr. Burke until we wrapped up, you know, what we were working on at the time."

After receiving briefing and oral argument, the magistrate judge granted St. Jude's motion to strike the untimely disclosures in a December 2, 2019 Order. The magistrate judge found that "all of the factual disclosures at issue were untimely produced" and that, "even if [NLC's] late disclosure was not intended to sandbag, it is in the Court's view inexcusable." The magistrate judge also found that the late disclosure was unfairly prejudicial because St. Jude did not have the opportunity to engage in timely fact discovery, the untimely disclosure of Dr. Burke as a fact witness was an unfair surprise, and reopening fact discovery could result in St. Jude incurring significant additional expenses. Based on these findings, the magistrate judge ordered "exclusion of the late disclosed evidence" as a sanction under Rule 37, Fed. R. Civ. P. NLC appealed the magistrate judge's December 2, 2019 Order, and the Court affirmed.

While NLC's appeal of the December 2, 2019 Order was pending, the parties filed cross motions for summary judgment. In support of its summary judgment briefing, NLC filed a declaration from Dr. Burke that, in St. Jude's view, included subject matter that had been stricken by the magistrate judge's December 2, 2019 Order. The parties informally conferred about this dispute, as reflected in a March 2020 email exchange filed by St. Jude. NLC disagreed with St. Jude's contention that the disputed portions of Dr. Burke's declaration included subject matter that had been stricken. After NLC indicated that it

2

would not agree to withdraw all of the disputed contents of Dr. Burke's declaration, St. Jude moved to enforce the December 2, 2019 Order and for sanctions.

The magistrate judge again received briefing and oral argument as to the parties' dispute and, in an April 30, 2020 Order, granted in part St. Jude's motion for sanctions. The magistrate judge found that Dr. Burke's declaration includes subject matter that had been excluded by the December 2, 2019 Order and that, although NLC did not act in bad faith, the violation of the December 2, 2019 Order was willful. In doing so, the magistrate judge rejected NLC's argument that the December 2, 2019 Order was limited in scope to particular paragraphs in Dr. Burke's report or to facts that pertain only to the issue of direct infringement:

> This Court's order of December 2nd was clear and not pinpointed to particular paragraph[s]. Simply stated, Dr. Burke was precluded from offering testimony of fact in this case because he was not timely disclosed as a fact witness.

The magistrate judge declined St. Jude's request to recommend dismissal as a sanction. Instead, the magistrate judge ordered that all "facts disclosed by Dr. Burke that were not disclosed by the fact discovery deadline be stricken" from the materials NLC submitted with its dispositive motion briefing. The magistrate judge also awarded St. Jude attorneys' fees and costs associated with bringing the motion to enforce the December 2, 2019 Order. NLC appeals the magistrate judge's April 30, 2020 Order imposing sanctions.

## ANALYSIS

A district court conducts an "extremely deferential" review of a magistrate judge's ruling on a nondispositive issue. *Smith v. Bradley Pizza, Inc.*, 314 F. Supp. 3d 1017, 1026

3

(D. Minn. 2018) (internal quotation marks omitted).  Such a ruling will be modified or set aside only when the ruling is clearly erroneous or contrary to law.  *Id.* (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3)).  A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted).  A ruling is contrary to law when a court "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Id.*  (internal quotation marks omitted).

A district court may impose sanctions on a party that fails to obey a discovery order and may "treat[ ] as contempt of court the failure to obey *any* order."  Fed. R. Civ. P. 37(b)(2)(A)(vii) (emphasis added).  A district court also "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey a discovery order "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  "District courts have inherent power, moreover, to impose sanctions short of dismissal for violations of court orders."  *State Farm Fire & Cas. Co. v. United States ex rel. Rigsby*, 137 S. Ct. 436, 444 (2016); *accord Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594 n.2 (8th Cir. 2001).  It is within a district court's "wide discretion" to select the appropriate sanction to impose.  *Nick*, 270 F.3d at 595.

In its appeal, NLC does not dispute that it violated the magistrate judge's December 2, 2019 Order.  Instead, NLC argues that its violation was not "willful" because the December 2, 2019 Order was unclear and ambiguous.  When imposing nondispositive

4

sanctions, "[i]t is not a requirement that the party 'willfully' refuse to obey the Court's discovery order." *Card Tech. Corp. v. DataCard Inc.*, 249 F.R.D. 567, 570–71 (D. Minn. 2008) (collecting cases). Rather, only "the most severe Rule 37(b)(2) sanctions—dismissal, default judgment, and striking pleadings in whole or in part—require a finding of willfulness." *Id.* at 571 (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982)); *accord Savola v. Webster*, 644 F.2d 743, 745–46 (8th Cir. 1981) ("Where, however, the drastic sanctions of dismissal or default are imposed, the range of discretion is more narrow and the losing party's noncompliance must be due to willfulness or bad faith."). Here, the magistrate judge ordered nondispositve sanctions—namely, enforcing a previously imposed discovery sanction and awarding attorneys' fees and costs associated with the motion to enforce. Even assuming that NLC did not act willfully, NLC has not demonstrated that the magistrate judge's imposition of nondispositive sanctions was clearly erroneous or contrary to law.

Even if a finding of willfulness were required, NLC would fare no better. A willful violation of a court order is "a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of any order." *Hubbard v. Fleet Mortg. Co.*, 810 F.2d 778, 781 (8th Cir. 1987) (internal quotation marks omitted). A finding of "willful disobedience" of a court order "does not mean that the district court must find that the [litigant] acted in bad faith." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). Such a finding "requires only that [the litigant] acted intentionally as opposed to accidentally or involuntarily." *Id.* (internal quotation marks omitted). Here, the magistrate judge specifically found that, although NLC did not act with bad faith or with the intent to

5

commit a fraud on the Court, NLC nonetheless acted willfully when it violated the December 2, 2019 Order. The record supports this finding. NLC does not suggest, nor does the record reflect, that NLC *accidentally* included the stricken subject matter in Dr. Burke's declaration. It was undisputedly NLC's intentional decision to do so. The record reflects that St. Jude conferred with NLC about Dr. Burke's declaration, objected to portions of the declaration as being in violation of the December 2, 2019 Order, and requested that NLC withdraw those portions of the declaration. NLC refused to do so. The foregoing conduct demonstrates willfulness, even if NLC was acting in good faith.

NLC contends that its violation cannot be willful because the December 2, 2019 Order is "unclear and ambiguous." In the context of civil contempt for violation of a court order, the order in question must be clear, unambiguous, and certain. *Imageware, Inc. v. U.S. W. Commc'ns*, 219 F.3d 793, 797 (8th Cir. 2000). According to NLC, the December 2, 2019 Order is unclear and ambiguous because the order "did not explicitly identify any statements to be stricken from Dr. Burke's report" but instead "simply granted St. Jude's motion, which sought to strike portions of statements on pages 25-26 of Dr. Burke's report," and St. Jude "did not explicitly identify which portions it sought to strike." For these reasons, NLC contends, it was not clear that the December 2, 2019 Order excluded "facts beyond those of direct infringement."

The record belies NLC's argument. In the December 2, 2019 Order, the magistrate judge prefaced her ruling by clearly summarizing the scope of the dispute:

> For the record, St. Jude's motion is to strike facts disclosed in Dr. Burke's expert report that were not disclosed by the fact discovery deadline. St. Jude also seeks to preclude Dr. Burke from testifying as a fact witness due to late disclosure.

The magistrate judge further explained that, if she concludes that "facts and fact witnesses" relied on by NLC were untimely disclosed, the Court would next determine "whether the *fact witnesses* should be excluded *and* . . . the *references to the newly-disclosed facts* should be stricken as a sanction." (Emphasis added.) The magistrate judge's framing of the dispute—and, therefore, the scope of her order—clearly is not limited to particular paragraphs or subject matter in Dr. Burke's expert report, but instead unambiguously encompasses *all* untimely disclosed facts *and* fact witnesses.[1]

After conducting a detailed analysis of the dispute, the magistrate judge found that "all of the factual disclosures at issue were untimely produced" and, significantly, "that there was unfair surprise as far as the disclosure of Dr. Burke as a fact witness." Based on these findings, the magistrate judge concluded that the record "clearly supports exclusion

---

[1] NLC's argument suggests that the December 2, 2019 Order must necessarily be limited in scope to the relief sought in St. Jude's motion to strike, which expressly references paragraphs 25 and 26 of Dr. Burke's expert report. But NLC provides no legal authority, and the Court is aware of none, that limits the magistrate judge to imposing sanctions that are precisely tailored to the moving party's motion. To the contrary, a district court has "wide discretion" to select the appropriate sanction to impose. *Nick*, 270 F.3d at 595. Moreover, St. Jude's motion to strike was *not* limited to two paragraphs of Dr. Burke's expert report. Rather, St. Jude sought the exclusion of the portions of Dr. Burke's expert report "in which he claims that he is a direct infringer" or "references undisclosed interactions, conversations and experiences with other electrophysiologists" *as well as* "any testimony, opinion, or argument related thereto." And St. Jude's motion also expressly sought "any additional relief this Court deems just and appropriate." NLC's attempts to inject ambiguity into, or narrow the scope of, the December 2, 2019 Order by way of St. Jude's motion are unavailing. The scope of the December 2, 2019 Order is not dictated by the parties' arguments.

7

of the late-disclosed evidence." Although the magistrate judge's analysis includes, as examples, facts that pertain to direct infringement, at no point in the December 2, 2019 Order does the magistrate judge limit the scope of her ruling to specific statements, paragraphs, or subject matter. To the contrary, the magistrate judge clearly and unambiguously ordered that Dr. Burke can neither serve as a fact witness (*i.e.*, be the source of *any* fact) nor present or rely on *any* facts that were not disclosed during fact discovery.[2]

Significantly, despite multiple opportunities to do so, NLC neither objected to nor sought clarification of the December 2, 2019 Order on the grounds that it was either unclear or ambiguous. NLC appealed the December 2, 2019 Order but did not argue that the order was unclear or ambiguous. And when St. Jude objected to Dr. Burke's subsequent declaration on the grounds that it violated the December 2, 2019 Order, NLC disagreed and refused to withdraw the disputed portions of the declaration. Although NLC may have had a good faith mistaken belief that the December 2, 2019 Order is narrower in scope than it actually is, that belief does not render the December 2, 2019 Order unclear or ambiguous.[3]

---

[2] NLC's interpretation of the December 2, 2019 Order—namely, that Dr. Burke may present facts so long as those facts do not pertain to direct infringement—effectively would permit Dr. Burke to serve as a fact witness. But the magistrate judge clearly ordered that Dr. Burke may not do so. Thus, NLC's interpretation is not reasonable.

[3] NLC's attempts to characterize the excluded facts as opinions or "background supporting Dr. Burke's qualifications and experience" also are unavailing. A fact does not cease to be a fact merely because it is rephrased in the form of an opinion. And using stricken facts as "background" for Dr. Burke's qualifications and experience does not demonstrate NLC's reasonable attempt at compliance with the December 2, 2019 Order.

8

In summary, the magistrate judge's December 2, 2019 Order clearly and unambiguously precluded Dr. Burke from serving as a fact witness or presenting any facts that were not timely disclosed in discovery. Nonetheless, NLC willfully included such facts in its subsequently filed declaration of Dr. Burke. For these reasons, the magistrate judge's imposition of sanctions against NLC for the willful violation of the December 2, 2019 Order was neither clearly erroneous nor contrary to law.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the April 30, 2020 Order, (Dkt. 250), is **AFFIRMED**.

Dated: July 6, 2020                                       s/Wilhelmina M. Wright
                                                                            Wilhelmina M. Wright
                                                                            United States District Judge