UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Niazi Licensing Corporation, | Case No. 17-cv-5096 (WMW/BRT) |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS |
| St. Jude Medical S.C., Inc., | |
| Defendant. | |

---

This patent-infringement matter is before the Court on Defendant's motion for attorneys' fees and costs. (Dkt. 307.) For the reasons addressed below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Niazi Licensing Corporation (NLC) owns United States Patent No. 6,638,268 (the '268 Patent), which pertains to a catheter system that can be inserted into the coronary sinus of the heart. The '268 Patent also claims methods of using the catheter system.

NLC commenced this patent-infringement action against Defendant St. Jude Medical S.C., Inc. (St. Jude), in November 2017, alleging that St. Jude indirectly infringed the '268 Patent by inducing its customers—namely, medical professionals—to infringe the '268 Patent. After this Court issued its October 21, 2019 claim construction order, a single method claim remained in dispute in this lawsuit: Claim 11 of the '268 Patent, which claims a series of steps for "using a double catheter." The parties

subsequently cross-moved for summary judgment. The Court concluded that NLC failed to present evidence to prove two essential elements of its patent-infringement claim—namely, that at least one person directly infringed the patented method and that St. Jude knowingly induced infringement and possessed specific intent to encourage another's infringement. Accordingly, the Court denied NLC's motion for summary judgment of infringement and granted St. Jude's motion for summary judgment of non-infringement.

St. Jude now moves for attorneys' fees and costs, arguing that NLC knew or should have known that its patent-infringement claims lacked merit. NLC opposes St. Jude's motion.

## ANALYSIS

St. Jude moves for attorneys' fees and costs on three independent legal bases. First, St. Jude contends that an award of attorneys' fees and costs is warranted as a sanction because NLC violated Rule 11, Fed. R. Civ. P., by failing to undertake a good-faith inquiry into the underlying facts before commencing this lawsuit. Second, St. Jude contends that an award of attorneys' fees is warranted because this in an "exceptional case" under Title 35, United States Code, Section 285. Third, St. Jude contends that NLC's attorneys should be required to personally satisfy an award of attorneys' fees and costs pursuant to Title 28, United States Code, Section 1927, because NLC engaged in unreasonable and vexatious litigation conduct. The Court addresses each argument in turn.

## I.     Good-Faith Inquiry (Fed. R. Civ. P. 11)

St. Jude argues that NLC violated Rule 11, Fed. R. Civ. P., by failing to undertake a good-faith inquiry into the underlying facts before commencing this lawsuit.

Rule 11 requires a party to "conduct a reasonable inquiry of the factual and legal basis for a claim before filing." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003). As relevant here, Rule 11 also "requires an attorney who files a patent infringement action to compare the accused device with the construed patent claims," and the patentee's pre-filing investigation must establish "a reasonable inference that all the accused products infringe." *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1073, 1075 (Fed. Cir. 2002). Sanctions under Rule 11 may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

A party is not entitled to Rule 11 sanctions, however, if the party moving for sanctions "failed to comply with Rule 11's procedural requirements." *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003). Under Rule 11, a "motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). In addition, a party seeking Rule 11 sanctions must serve the opposing party with a copy of its proposed Rule 11 motion at least 21 days before making any request to the district court. *Id.*; *see also Gordon*, 345 F.3d at 1029–30. Here, St. Jude failed to comply with both requirements. St. Jude has not filed a separate motion for Rule 11 sanctions, but instead requests sanctions as part of its motion for attorneys' fees under 35 U.S.C. § 285

3

and 28 U.S.C. § 1927. In addition, the record does not reflect that St. Jude served NLC with a copy of its motion at least 21 days before presenting the motion to the Court.[1] These procedural deficiencies are fatal to St. Jude's request for attorneys' fees pursuant to Rule 11. *See Gordon*, 345 F.3d at 1030 (holding that the district court abused its direction by imposing Rule 11 sanctions because the request for sanctions was not made separately from other motions and was not properly served on the opposing party before being filed with the court).

Even if St. Jude had followed the required Rule 11 procedures, St. Jude has not demonstrated that NLC failed to conduct a reasonable factual inquiry before filing this lawsuit. Early in this litigation, the Court denied St. Jude's motion to dismiss, concluding that NLC plausibly alleged, among other things, indirect infringement of NLC's patent. Although a plaintiff is required to perform a reasonable pre-suit factual inquiry, a plaintiff may initially rely on a "reasonable expectation that discovery will reveal evidence" of the alleged activity. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). And although an attorney who files a patent-infringement lawsuit must compare the accused product with the construed patent claims, *see Antonious*, 275 F.3d at 1073, this Court had yet to construe the disputed claims of NLC's patent when NLC commenced this lawsuit. Moreover, St. Jude does not address NLC's claim-construction positions, let alone demonstrate that those positions were so unreasonable as to warrant sanctions. On this record, St. Jude has not established that NLC lacked a reasonable, good-faith basis to

---

[1] Indeed, St. Jude filed its motion for attorneys' fees *less* than 21 days after the Court granted St. Jude's motion for summary judgment.

4

infer that infringement had occurred when NLC commenced this lawsuit or at any time before this Court issued its claim construction order.

Because St. Jude's request for attorneys' fees under Rule 11, Fed. R. Civ. P., is both procedurally and substantively deficient, this aspect of St. Jude's motion is denied.

## II. Exceptional Case (35 U.S.C. § 285)

St. Jude also seeks an award of reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, based on the exceptionality of this case.

In the patent-litigation context, a district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "exceptional" case under Section 285 is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A prevailing defendant may establish that a case is exceptional by demonstrating that the plaintiff's claim was "exceptionally meritless" or pursed in "subjective bad faith." *Id.* at 555.

A district court may determine whether a case is exceptional based on a case-by-case exercise of its discretion, considering the totality of the circumstances. *Id.* at 554. Because there "is no precise rule or formula for making these determinations," a district court's "equitable discretion should be exercised." *Id.* Factors relevant to these determinations include, but are not limited to, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in

5

particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

A prevailing party need not meet any specific evidentiary burden to establish that an award of attorneys' fees is warranted under Section 285. *Id.* at 557. Rather, a district court may award attorneys' fees "in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555.

As addressed above, St. Jude has not established that, when NLC commenced this lawsuit, NLC lacked a reasonable basis to infer that infringement had occurred or that NLC otherwise commenced this lawsuit in bad faith. *See Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1180 (Fed. Cir. 2018) (recognizing that a plaintiff that has been issued a valid patent is "entitled to a presumption of good faith in asserting its patent rights" against an alleged infringer). Nor has St. Jude established that NLC engaged in objectively unreasonable or bad-faith litigation conduct *before* the Court issued its October 21, 2019 claim construction order.[2] In short, nothing in the record demonstrates that NLC's pre-claim-construction conduct was "exceptionally meritless" or pursued in "subjective bad faith" such that an award of attorneys' fees under Section 285 is warranted. *Octane Fitness*, 572 U.S. at 555. For this reason, the Court

---

[2]   Although St. Jude moved to dismiss NLC's complaint and challenged NLC's infringement contentions before the Court issued its claim construction order, these disputes do not demonstrate that this is "the rare case in which a party's unreasonable conduct" is "so 'exceptional' as to justify an award of fees." *Octane Fitness*, 572 U.S. at 555. Indeed, the Court denied St. Jude's motion to dismiss and St. Jude's motion to strike NLC's infringement contentions.

6

focuses its analysis on NLC's litigation conduct *after* the Court issued its October 21, 2019 claim construction order.

Even if a plaintiff's early litigation conduct is not unreasonable, "a case can be found exceptional when a party prolongs litigation in bad faith." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013). A plaintiff shall not "assert baseless infringement claims and must continually assess the soundness of pending infringement claims, especially after an adverse claim construction." *Id.* When determining whether a case is exceptional because the plaintiff prolonged the litigation after claim construction, the "salient inquiry is whether [the plaintiff's] claims were so lacking in merit that [the plaintiff] was legally obligated either to abandon its case altogether or to limit itself to challenging the district court's claim construction order on appeal." *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 954 (Fed. Cir. 2010).

Here, fact discovery closed on September 13, 2019, and initial expert written reports were due by October 15, 2019. Approximately one week later, the Court issued its October 21, 2019 claim construction order. The Court determined that Claims 1, 13, 18, and 24 of the '268 Patent are invalid as indefinite and that Claims 10, 14, 15, 19, 23, 25, 26, and 27 also are indefinite because they depend from Claims 1, 13, 18, and 24. As a result of the Court's claim construction order, only a single method claim remained in dispute: Claim 11 of the '268 Patent, which claims a series of steps for "using a double catheter." The Court construed the phrase "the catheter" to mean "the double catheter"

and held that "Claim 11 is infringed only when the steps are performed in the order listed."

After the conclusion of fact discovery, and despite the Court's claim construction rulings, NLC persisted in litigating the alleged infringement of Claim 11 of the '268 Patent. In doing so, NLC repeatedly attempted to rely on facts that were not disclosed before the fact-discovery deadline. The Court sanctioned NLC for doing so. As just one example, after fact discovery ended, NLC attempted to establish for the first time that its own infringement expert, Dr. Martin Burke, was a direct infringer of Claim 11. NLC's counsel later conceded, at a December 2, 2019 hearing, that NLC's efforts to identify evidence of direct infringement "were dead ends." The magistrate judge struck NLC's untimely evidence of direct infringement—an essential element of NLC's infringement claim—finding that NLC's late disclosure was both inexcusable and unfairly prejudicial to St. Jude.[3] NLC appealed, and this Court affirmed the magistrate judge's ruling.

Nonetheless, NLC persisted in litigating the alleged infringement of Claim 11. NLC also willfully violated the Court's prior orders by using the stricken evidence in support of its motion for summary judgment. As a result, the Court imposed sanctions and ordered NLC to amend its summary judgment submissions to remove the improper evidence and argument.

Even after NLC amended its summary judgment filings to remove the improper evidence, NLC continued to advance arguments that clearly lacked legal or factual

---

[3]  NLC's damages expert report also relied on documents that had not been produced during fact discovery, and the Court ordered this untimely information stricken as well.

support. Notably, NLC attempted to establish that direct infringement of its patent had occurred based on a speculative hypothetical statement in the rebuttal report of St. Jude's damages expert, Dr. Mohan Rao. As this Court observed in its summary judgment order, NLC's argument relied on hearsay and was both illogical and contrary to law:

> [E]ven if Dr. Rao's statement were not inadmissible hearsay, it is inadmissible for another reason: namely, because it clearly reflects a hypothetical assumption, which is unfounded speculation. The purpose of Dr. Rao's rebuttal expert report is to opine as to the extent of NLC's recoverable damages *assuming* that NLC were to prove infringement, which is not an uncommon practice. Neither Dr. Rao nor Dr. Benditt purport to have either personal knowledge or data from which they have concluded that direct infringement of Claim 11 of the '268 Patent has occurred. Instead, the statement in Dr. Rao's report reflects Dr. Benditt hypothesizing as to the possibility of infringement occurring, which cannot demonstrate infringement. To hold otherwise would permit a patentee to satisfy its affirmative burden of proof any time an accused infringer denies infringement liability but attempts to mitigate potential damages by offering, in the alternative, a rebuttal expert opinion on the issue of damages based on an assumption of liability. Such a result would be illogical and contrary to the law, common sense, and common practice.

*Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, No. 17-cv-5096 (WMW/BRT), 2021 WL 1111074, at *3 (D. Minn. Mar. 23, 2021) (internal citations omitted). The Court rejected NLC's purported *direct* evidence of infringement, which clearly lacked merit.[4]

Although the Court recognized that NLC could seek to prove direct infringement using circumstantial evidence, NLC clearly lacked any such circumstantial

---

[4] Moreover, NLC absurdly argued that Dr. Rao's hypothetical statement was *not* speculative because he prefaced the statement with the phrase "[i]n fact," which clearly is a common figure of speech.

evidence.[5] NLC relied on St. Jude's written product instructions. But for the reasons addressed in the Court's summary judgment order, those written instructions substantively differ from the steps of the patented method in several ways, do not instruct users to perform the steps in the order listed in Claim 11 of the '268 Patent, and include several steps that are optional. *Id.* at *6–7. Moreover, the Court found that NLC failed to present evidence that St. Jude knowingly induced infringement or possessed specific intent to encourage another's infringement. *Id.* at *7. These substantial evidentiary deficiencies should have been apparent to NLC in October 2019, when fact discovery had ended and the Court's claim construction order had issued.[6] Nonetheless, as addressed in detail throughout this Order, NLC persisted in litigating the alleged infringement of Claim 11 and repeatedly attempted to bolster its litigation position by violating the Court's orders and advancing unreasonable and meritless arguments.

In summary, the Court concludes that NLC engaged in bad-faith efforts to prolong this litigation after October 2019 and that this case is "exceptional" because it is

---

[5] NLC argues that "the Court here did not grant summary judgment due to a lack of evidence." To the contrary, the Court clearly and unequivocally concluded in its summary judgment order that "NLC has failed to present evidence to support . . . two essential elements of its patent-infringement claim." *Id.* at *8.

[6] In opposing St. Jude's motion for attorneys' fees, NLC contends that the Court issued *new* claim constructions for the first time in its summary judgment order. For example, according to NLC, the Court construed the first and fifth steps of Claim 11 to require *simultaneous* insertion and withdrawal of the inner catheter and the outer catheter for the first time in the Court's summary judgment order. This argument lacks merit. In its October 21, 2019 claim construction order, the Court construed "the catheter" to mean "the double catheter," namely, *both* the inner catheter *and* the outer catheter. Implicit in this construction is that inserting or withdrawing "the catheter" means inserting or withdrawing both the inner catheter and the outer catheter at the same time.

distinguishable from others with respect to the substantive strength of NLC's litigation position and the unreasonable manner in which NLC litigated this case after October 2019. *See Octane Fitness*, 572 U.S. at 554 (holding that "an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated"); *Taurus IP*, 726 F.3d at 1328 (recognizing that "a case can be found exceptional when a party prolongs litigation in bad faith"). Under the circumstances presented here, after this Court issued its claim construction order, NLC's remaining patent-infringement claim was so lacking in merit that NLC "was legally obligated either to abandon its case altogether or to limit itself to challenging the . . . claim construction order on appeal." *See Medtronic Navigation*, 603 F.3d at 954. However, NLC pursued neither course. Instead, NLC chose repeatedly to engage in improper tactics in an attempt to bolster the strength of its litigation position and, consequently, prolonged this case.

Accordingly, St. Jude's motion for reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285, is granted with respect to fees and costs incurred after October 2019.

**III.     Unreasonable and Vexatious Litigation Conduct (28 U.S.C. § 1927)**

St. Jude also seeks an order, pursuant to 28 U.S.C. § 1927, requiring NLC's attorneys to personally satisfy any award of attorneys' fees and costs.

Section 1927 provides that a district court may require an attorney "to *satisfy personally* the excess costs, expenses, and attorneys' fees reasonably incurred" as a result

11

of that attorney "multipl[ying] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927 (emphasis added). Although this case involves a patent claim, a motion for sanctions under Section 1927 is governed by the law of the United States Court of Appeals for the Eighth Circuit. *See Nystrom v. TREX Co.*, 424 F.3d 1136, 1141 (Fed. Cir. 2005) ("This court reviews a district court's denial of a motion for sanctions under 28 U.S.C. § 1927 pursuant to the law of the regional circuit."). In the Eighth Circuit, sanctions under Section 1927 are appropriate when "attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (internal quotation marks omitted).

As addressed above, NLC's attorneys engaged in bad-faith efforts to prolong this litigation after October 2019. These efforts included repeatedly relying on evidence that had not been disclosed during fact discovery, repeatedly disregarding the deadlines established in the Court's scheduling order, willfully violating this Court's order striking improper evidence, and advancing unreasonable and meritless arguments. NLC persisted in this conduct even after St. Jude repeatedly identified deficiencies in the merits of NLC's case and warned NLC that St. Jude would seek attorneys' fees if NLC continued to prolong this case. Moreover, in opposing St. Jude's pending motion for attorneys' fees, NLC's attorneys *continue* to misrepresent the record and advance objectively meritless arguments, examples of which are addressed in footnotes 5 and 6 of this Order.

Because this conduct demonstrates intentional and reckless disregard of NLC's attorneys' duties, Section 1927 sanctions are warranted.

Accordingly, St. Jude's motion for attorneys' fees and costs, pursuant to 28 U.S.C. § 1927, is granted with respect to fees and costs incurred after October 2019, and NLC's attorneys shall be jointly and severally liable for any award of attorneys' fees and costs.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant St. Jude Medical S.C., Inc.'s (St. Jude) motion for attorneys' fees and costs, (Dkt. 307), is **GRANTED** as to St. Jude's reasonable attorneys' fees and costs incurred after October 2019, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927, and **DENIED** in all other respects, as addressed herein.

2. St. Jude shall file a supplemental motion, memorandum of law, and supporting documentation in support of its request for reasonable attorneys' fees and costs, consistent with this Order, no later than 30 days after the date of this Order.

3. Plaintiff Niazi Licensing Corporation (NLC) shall file a response no later than 21 days after St. Jude files its supplemental motion.

4. St. Jude may file a reply no later than 14 days after NLC files its response, at which time the Court will take the matter under advisement on the written submissions.

Dated: October 25, 2021         s/Wilhelmina M. Wright
                                Wilhelmina M. Wright
                                United States District Judge