UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Niazi Licensing Corporation, | Case No. 17-cv-5096 (WMW/BRT) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| St. Jude Medical S.C., Inc., | |
| Defendant. | |

---

This matter is before the Court on the October 27, 2021 letter request filed by local counsel representing Plaintiff Niazi Licensing Corporation (NLC). (Dkt. 336.) NLC's local counsel seek leave to file a motion for reconsideration of the Court's October 25, 2021 Order, which granted in part Defendant St. Jude Medical S.C., Inc.'s (St. Jude) motion for attorneys' fees.

This District's Local Rule 7.1(j) prohibits filing a motion for reconsideration without leave of court. A party may receive permission to file a motion for reconsideration only by showing "compelling circumstances." LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). A motion for reconsideration cannot be employed to repeat arguments previously made, introduce evidence or arguments that could have been made, or tender new legal theories for the first time. *See id.*

NLC's local counsel do not purport to present newly discovered evidence, but instead they suggest that the Court's October 25, 2021 Order awarding attorneys' fees to St. Jude contains manifest errors of law and fact.  In particular, NLC's local counsel argue that they should not be held liable for the award of attorneys' fees because of the narrow scope of their responsibilities as local counsel.

In the attorneys' fees order, this Court observed that NLC's attorneys had persistently engaged in bad-faith efforts to prolong this litigation after October 2019:

> These efforts included repeatedly relying on evidence that had not been disclosed during fact discovery, repeatedly disregarding the deadlines established in the Court's scheduling order, willfully violating this Court's order striking improper evidence, and advancing unreasonable and meritless arguments.  NLC persisted in this conduct even after St. Jude repeatedly identified deficiencies in the merits of NLC's case and warned NLC that St. Jude would seek attorneys' fees if NLC continued to prolong this case.  Moreover, in opposing St. Jude's pending motion for attorneys' fees, NLC's attorneys *continue* to misrepresent the record and advance objectively meritless arguments, examples of which are addressed in footnotes 5 and 6 of this Order.  Because this conduct demonstrates intentional and reckless disregard of NLC's attorneys' duties, . . . sanctions are warranted.

NLC's local counsel have not identified a manifest error of law or fact in the foregoing findings and conclusions.  NLC's local counsel have been involved in this case from the lawsuit's inception, having filed NLC's complaint in November 2017.  Under this District's local rules, local counsel must "participate in the preparation and presentation of the case." LR 83.5(d)(2)(A).  Consistent with this obligation, NLC's local counsel's names appear in the signature block of all of NLC's submissions to the Court, including

the submissions that led this Court to conclude that NLC's attorneys intentionally and recklessly disregarded their duties to the Court.[1]  As such, the record demonstrates that NLC's local counsel participated in the preparation and presentation of NLC's case, including the sanctionable conduct the Court has identified.  And to the extent that NLC's local counsel did *not* participate in preparing or presenting the sanctionable filings submitted by NLC's lead counsel, such *lack* of participation demonstrates an intentional or reckless disregard of local counsel's duties to the Court under Local Rule 83.5(d)(2)(A) (providing that local counsel "must . . . participate in the preparation and presentation of the case").[2]  For these reasons, the record does not reflect a manifest error of law or fact as to the scope of the Court's attorneys' fees order.

Moreover, even if NLC has arguments and evidence demonstrating that its local counsel should not be held responsible for the sanctionable conduct of NLC's lead

---

[1] The fact that NLC's local counsel did not physically sign these filings is immaterial given that local counsel's names appear on the filings and local counsel were required to participate in the preparation and presentation of NLC's case.  *Cf. Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 348 n.6 (N.D. Iowa 2007) (observing that it would be "hypertechnical and nonsensical" to conclude that local counsel has no responsibility for sanctionable filings that include local counsel's name merely because local counsel did not physically sign the filings).

[2] NLC's local counsel rely on *Macawber Engineering, Inc. v. Robson & Miller*, No. 3-92-556, 1994 WL 763880 (D. Minn. Jan. 28, 1994).  But *Macawber* is inapposite.  At issue in *Macawber* was a motion for summary judgment in a legal malpractice action alleging negligence, not sanctions or attorneys' fees imposed based on affirmative intentional conduct by counsel.  1994 WL 763880, at *3.  Moreover, although the court in *Macawber* recognized that "duplication of efforts by lead and local counsel" is not required by Local Rule 83.5(d), this recognition does not mean that local counsel bear no responsibility for persistent sanctionable submissions filed in local counsel's name over the course of more than a year.  *Id.*

counsel, such arguments and evidence are untimely. NLC had the opportunity to present such arguments and evidence to the Court when NLC opposed St. Jude's motion for attorneys' fees. NLC did not do so. To the extent that NLC's local counsel attempts to raise new arguments, legal theories or evidence for the first time now, more than six months after the attorneys' fees issue was briefed to the Court, a motion to reconsider is an improper means for doing so. *Hagerman*, 839 F.2d at 414 (recognizing that a motion for reconsideration cannot be used to introduce evidence, arguments or legal theories that could have been presented earlier). Indeed, courts have held local counsel jointly and severally liable for attorneys' fees in similar circumstances. *See, e.g.*, *Young Apartments, Inc. v. Town of Jupiter*, 503 F. App'x 711, 727–28 & n.10 (11th Cir. 2013) (affirming district court's order holding local counsel jointly and severally liable for attorneys' fees under 28 U.S.C. § 1927 when local counsel's name appeared on filings and local counsel did not make timely arguments opposing the attorneys' fees award as applied to him).

In summary, because NLC's local counsel have not demonstrated the requisite compelling circumstances, their request for leave to file a motion to reconsider is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Niazi Licensing Corporation's request for leave to file a motion for reconsideration, (Dkt. 336), is **DENIED**.

Dated: November 18, 2021    s/Wilhelmina M. Wright
                            Wilhelmina M. Wright
                            United States District Judge