UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Niazi Licensing Corporation, | Case No. 17-cv-5096 (WMW/BRT) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| St. Jude Medical S.C., Inc., | |
| Defendants. | |

---

In a March 23, 2021 Order, this Court granted Defendant St. Jude Medical S.C., Inc.'s (St. Jude) motion for summary judgment of non-infringement as to Claim 11 of Plaintiff Niazi Licensing Corporation's (NLC) United States Patent No. 6,638,268 (the '268 Patent). The Court entered judgment on March 24, 2021. This matter is now before the Court on the joint motion of NLC and St. Jude seeking an order dismissing without prejudice St. Jude's remaining invalidity counterclaim. (Dkt. 346.)

After a motion for summary judgment has been filed, a plaintiff may dismiss "an action" either by filing "a stipulation of dismissal signed by all parties who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii), or by obtaining a "court order, on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2). "Because Rule 41(a) refers to dismissal of 'actions' rather than individual 'claims,' some courts have concluded that Rule 41(a) does not provide for the voluntary dismissal of less than all claims against any [party]." *Greenson v. County of Dakota*, No. 12-3128 (MJD/JJK), 2013 WL 3064452, at *3 (D. Minn. June 18, 2013) (internal quotation marks omitted). As such, some courts

construe a motion seeking voluntary dismissal of individual claims as a motion to amend the pleadings under Federal Rule of Civil Procedure 15(a).  *Id.*  The differences between a motion for partial voluntary dismissal and a motion to amend are "more technical than substantial," however.  *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977).  Indeed, a party may amend its pleading at any time before trial with the opposing party's written consent.  Fed. R. Civ. P. 15(a)(2).  Because no trial has occurred as to St. Jude's invalidity counterclaim, Rule 15(a)(2) permits St. Jude to amend its answer to remove its invalidity counterclaim with NLC's consent, which NLC has given here.

When a district court grants a motion for summary judgment that does not resolve all remaining claims, and the parties later stipulate to the dismissal of the remaining claims without prejudice, the effect of any resulting dismissal is "to make the earlier partial summary judgment a final judgment for purposes of appeal."  *Hope v. Klabal*, 457 F.3d 784, 789 (8th Cir. 2006) (internal quotation marks omitted).  The United States Court of Appeals for the Eighth Circuit has "expressed concern that parties will use the voluntary dismissals of their claims without prejudice as an 'end-run' around" the finality requirements of Rule 54.[1]  *Id.*  Nonetheless, the Eighth Circuit has recognized that a stipulated voluntary dismissal of remaining claims may be appropriate in certain

---

[1]    Under Rule 54(b), a district court may direct entry of a final judgment as to less than all the asserted claims for relief only if the court expressly determines that there is no just reason for delay.  Fed. R. Civ. P. 54(b).  In some circumstances, "a dismissal without prejudice, coupled with the intent to refile the voluntarily dismissed claims after an appeal of an otherwise-interlocutory order, is a clear evasion of the judicial and statutory limits on appellate jurisdiction."  *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 791 (8th Cir. 2012).  For the reasons addressed herein, the procedural posture of this case does not present these concerns.

circumstances. *See id.* at 789–90 (recognizing that the Eighth Circuit "has been less than clear in establishing the rules for finality when parties dismiss some of their claims without prejudice in order to appeal a partial summary judgment order" and collecting divergent cases). The propriety of a such a dismissal depends on the unique circumstances and procedural posture of the case. *See id.*

Here, the Court granted St. Jude's motion for summary judgment of non-infringement as to the '268 Patent. As such, the only unresolved claim is St. Jude's counterclaim asserting that the '268 Patent is invalid. When a district court is "faced with an invalidity counterclaim challenging a patent that [the district court] concludes was not infringed," the district court "may either hear the [invalidity counterclaim] or dismiss it without prejudice." *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004). This is because "a district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot [when] it finds no infringement." *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998). In these circumstances, "the limited potential value of adjudicating" a pending invalidity counterclaim "does not support expending scarce resources litigating those issues in this Court." *Regents of Univ. of Minn. v. AGA Med. Corp.*, 835 F. Supp. 2d 711, 731 (D. Minn. 2011) (concluding that "judicial efficiency and the interests of justice" warranted *sua sponte* dismissal the defendant's invalidity counterclaim as moot after holding that the defendant did not infringe the asserted patent), *aff'd*, 717 F.3d 929 (Fed. Cir. 2013). Likewise, here the Court granted summary judgment of non-infringement as to the sole remaining asserted

3

patent claim and declined to address NLC's arguments challenging St. Jude's invalidity counterclaim.[2] And significantly, here the parties jointly agree that St. Jude's invalidity counterclaim no longer presents a live controversy and should be dismissed.[3] On this procedural posture, the Court concludes that St. Jude's invalidity counterclaim is moot.

For these reasons, the parties' joint motion to dismiss St. Jude's invalidity counterclaim is granted.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. The joint motion of Plaintiff Niazi Licensing Corporation (NLC) and Defendant St. Jude Medical S.C., Inc. (St. Jude), to dismiss without prejudice St. Jude's invalidity counterclaim, (Dkt. 346), is **GRANTED**.

2. St. Jude's invalidity counterclaim, (Dkt. 47), is **DISMISSED WITHOUT PREJUDICE** as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 16, 2021                s/Wilhelmina M. Wright
                                        Wilhelmina M. Wright
                                        United States District Judge

---

[2] St. Jude did not affirmatively move for summary judgment as to its invalidity counterclaim.

[3] As addressed above, Rule 15(a)(2) would permit St. Jude to amend its answer to remove its invalidity counterclaim with NLC's consent, which NLC has given here. *See* Fed. R. Civ. P. 15(a)(2).