UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Niazi Licensing Corporation,                              Case No. 17-cv-5096 (WMW/BRT)

                        Plaintiff,

                                                          **ORDER**

        v.

St. Jude Medical S.C., Inc.,

                        Defendant.

---

In this patent-infringement matter, the Court previously granted Defendant St. Jude Medical S.C., Inc.'s (St. Jude) motion for attorneys' fees and costs as to reasonable amounts incurred after October 2019, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.  The Court ordered St. Jude to file a supplemental memorandum of law and supporting documentation in support of its requested amount.  St. Jude now seeks an award of $753,110.12 in attorneys' fees and costs.  Plaintiff Niazi Licensing Corporation (NLC) opposes St. Jude's requested amount and moves to vacate the Court's October 25, 2021 Order regarding attorneys' fees and costs.  For the reasons addressed below, the parties' motions are granted in part and denied in part.

**BACKGROUND**

NLC owns United States Patent No. 6,638,268 (the '268 Patent), which pertains to a catheter system that can be inserted into the coronary sinus of the heart.  The '268 Patent also claims methods of using the catheter system.

NLC commenced this patent-infringement action against St. Jude in November 2017, alleging that St. Jude indirectly infringed the '268 Patent by inducing its customers—namely, medical professionals—to infringe the '268 Patent. After this Court issued its October 21, 2019 claim construction order, a single method claim remained in dispute: claim 11 of the '268 Patent, which claims a series of steps for "using a double catheter." The parties subsequently cross-moved for summary judgment. The Court concluded that NLC failed to present evidence to prove two essential elements of its patent-infringement claim—namely, that at least one person directly infringed the patented method and that St. Jude knowingly induced infringement and possessed specific intent to encourage another's infringement. Accordingly, the Court denied NLC's motion for summary judgment of infringement and granted St. Jude's motion for summary judgment of non-infringement. NLC appealed.

While NLC's appeal was pending, St. Jude moved for attorneys' fees and costs, arguing that NLC knew or should have known that its patent-infringement claims lacked merit. In an October 25, 2021 Order (Fees Order), this Court granted St. Jude's motion in part. Although the Court rejected St. Jude's argument that sanctions were warranted under Rule 11, Fed. R. Civ. P., the Court found that "NLC engaged in bad-faith efforts to prolong this litigation" after October 2019 and "chose repeatedly to engage in improper tactics in an attempt to bolster the strength of its litigation position." Based on these findings, the Court concluded that NLC's conduct was "exceptional" under 35 U.S.C. § 285 and, consequently, that St. Jude is entitled to the reasonable attorneys' fees and

costs it incurred after October 2019.  The Court also found that, because NLC's attorneys

intentionally and recklessly disregarded their duties to the Court, NLC's attorneys will be

jointly and severally liable to personally satisfy an award of reasonable attorneys' fees

and costs, pursuant to 28 U.S.C. § 1927.  The Court ordered the parties to file

supplemental briefing as to the reasonable amount of attorneys' fees and costs that should

be awarded.  Neither party appealed the Fees Order.

St. Jude now seeks an award of $753,110.12 in attorneys' fees and costs.[1]  NLC

opposes St. Jude's requested amount, arguing that St. Jude seeks amounts that are not

recoverable and that the fees sought are unreasonably redundant and excessive.[2]  After

the parties had fully briefed the attorneys' fees issue, the United States Court of Appeals

for the Federal Circuit issued a decision affirming in part, reversing in part, and

---

[1]    The total number of hours and amount of attorneys' fees referenced throughout this Order include the additional hours and fees claimed in St. Jude's reply brief.

[2]    NLC requests a hearing before the Court imposes an award of attorneys' fees, arguing that the denial of such a hearing "has due process implications."  It is true that attorneys' fees and other sanctions should not be assessed without fair notice and an opportunity to be heard.  *Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 623 (8th Cir. 2004) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 & n.14 (1980)).  But NLC identifies no legal authority establishing that an opportunity to submit written arguments and evidence is insufficient to satisfy this requirement.  To the contrary, a district court typically may order attorneys' fees or other sanctions if the parties have been given an opportunity to provide written arguments and evidence.  *See, e.g.*, *Miller v. Dugan*, 764 F.3d 826, 830 (8th Cir. 2014); *accord* Fed. R. Civ. P. 54(d)(2)(C) (providing that a district court "must, on a party's request, give an opportunity for *adversary submissions* on the motion [for attorneys' fees] in accordance with Rule . . . 78" (emphasis added)); Fed. R. Civ. P. 78(b) (providing that a district court "may provide for submitting and determining motions on briefs, without oral hearings").  Because the parties received and took advantage of the opportunity to thoroughly brief these issues, the Court concludes that a hearing is unnecessary.

remanding this case for further proceedings. *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339 (Fed. Cir. 2022).   In particular, the Federal Circuit reversed this Court's construction of several claim terms in the '268 Patent and this Court's determination that several claims in the '268 Patent are invalid as indefinite. *Id.* at 1349–52.  But the Federal Circuit affirmed this Court's determination that St. Jude was entitled to summary judgment of no infringement as to claim 11 of the '268 Patent. *Id.* at 1352–53.  The Federal Circuit also affirmed this Court's exclusion of expert testimony and imposition of sanctions against NLC for discovery violations. *Id.* at 1358.  In light of the Federal Circuit's decision, NLC now moves to vacate this Court's Fees Order.

## ANALYSIS

### I.      NLC's Motion to Vacate

NLC moves to vacate this Court's Fees Order pursuant to Rule 60(b), Fed. R. Civ. P., in light of the Federal Circuit's decision on appeal.

A district court "may relieve a party or its legal representative from a final judgment, order, or proceeding . . . based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5).  Relief under Rule 60(b) "is an extraordinary remedy" that is within the discretion of the district court. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).  Here, St. Jude opposes NLC's Rule 60(b) motion on both procedural and substantive grounds.

### A.      Timeliness and Waiver

St. Jude first argues that NLC's Rule 60(b) motion is untimely and that NLC
waived this argument by failing to appeal the Fees Order.

"A motion under Rule 60(b) must be made within a reasonable time" after entry of
the relevant order or judgment.   Fed. R. Civ. P. 60(c)(1).   When determining the
timeliness of a motion under Rule 60(b), courts may consider the time during which an
appeal is pending, because Rule 60(b) motions "can be made even though an appeal has
been taken." *Fed. Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766–67 (8th
Cir. 1989) (internal quotation marks omitted).   "What constitutes a reasonable time under
Rule 60(b) depends on the particular facts of the case in question." *Id.* at 767.

St. Jude argues that NLC's Rule 60(b) motion is untimely and improper because
NLC did not appeal the Fees Order.  A Rule 60(b) motion cannot "be used as a substitute
for a timely appeal." *Hunter*, 362 F.3d at 475.  If the reason asserted for the Rule 60(b)
motion could have been addressed on appeal from the judgment, the motion must be
denied "as merely an inappropriate substitute for an appeal." *Aikens v. Ingram*, 652 F.3d
496, 501 (4th Cir. 2011); *accord Hunter*, 362 F.3d at 475.   An order on a motion for
attorneys' fees must be appealed within 30 days after entry of the order.  *See* Fed. R.
App. P. 4(a)(1)(A), (a)(7)(A)(i).   But "a determination of entitlement to fees is not a
reviewable final decision until quantification of the fee award." *Elbit Sys. Land & C4I
Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1303–04 (Fed. Cir. 2019).   Here, the
Fees Order was not appealable because it did not quantify the fee award. *See id.*

Moreover, several courts "have recognized that a party must file a separate appeal only when [that party] challenges some aspect of the [attorneys' fees] award itself." *Flowers v. S. Reg'l Physician Servs., Inc.*, 286 F.3d 798, 801 (5th Cir. 2002) (collecting cases). NLC's Rule 60(b) motion does not challenge the merits of the Fees Order but instead "seeks relief solely on the ground that the underlying merits judgment [has been] reversed." *Id.* (quoting *Cal. Med. Ass'n v. Shalala*, 207 F.3d 575, 577 (9th Cir. 2000)). In such circumstances, a Rule 60(b) motion challenging an attorneys' fees order that was not appealed is procedurally proper. *See id.* Here, the proffered basis for NLC's Rule 60(b) motion did not arise until the Federal Circuit issued its decision in April 2022. Thereafter, NLC promptly filed its Rule 60(b) motion in May 2022. As such, NLC's motion is procedurally proper.

Because NLC's Rule 60(b) motion is both timely and procedurally proper, denial of the motion on this basis is not warranted.

### B.    Grounds for Relief

To establish that relief from the Fees Order is warranted, NLC must demonstrate that the Fees Order "is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). According to NLC, the Fees Order was "based on" St. Jude's status as a prevailing party, which has been reversed by the Federal Circuit's decision on appeal. The Fees Order awarded attorneys' fees and costs to St. Jude on two bases: first, the Court's determination that this is an "exceptional case" under 35 U.S.C. § 285, and second, the Court's determination that NLC's attorneys "multiplie[d] the proceedings

. . . unreasonably and vexatiously" in violation of 28 U.S.C. § 1927. The Court addresses, in turn, whether the Federal Circuit's decision on appeal effectively reversed either of the two bases for this Court's Fees Order.

### 1.    Attorneys' Fees and Costs Under 35 U.S.C. § 285

In its Fees Order, this Court granted St. Jude's motion for "exceptional case" attorneys' fees and costs pursuant to 35 U.S.C. § 285.

Under Section 285, a district court "in exceptional cases may award reasonable attorney fees to the *prevailing party*." 35 U.S.C. § 285 (emphasis added). "In a patent case, Federal Circuit law governs the determination of which party has prevailed." *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014). "[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," and "[t]his change must be marked by judicial *imprimatur*." *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 992 (Fed. Cir. 2020) (affirming district court's denial of exceptional-case attorneys' fees award under Section 285) (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016)). A defendant "need not prevail on the merits to be classified as a prevailing party," but the defendant must obtain a result that "effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.' " *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) (affirming award of exceptional-case attorneys' fees under Section 285) (quoting *CRST*, 578 U.S. at 431).

NLC contends that the Fees Order must be vacated to the extent that it is predicated on St. Jude's status as a prevailing party under 35 U.S.C. § 285 because St. Jude is no longer a prevailing party in light of the Federal Circuit's decision in this case, which reinstated several of NLC's patent-infringement claims. St. Jude counters that it remains a prevailing party because it prevailed on appeal in defending against allegations of infringement as to claim 11 of the '268 Patent.

St. Jude correctly asserts that prevailing-party status does not require a decision on the merits or success as to every claim. *See CRST*, 578 U.S. at 431; *SSL Servs.*, 769 F.3d at 1086. But here, the issue "is not whether there was a final decision on the merits. It is whether there was a final decision at all." *O.F. Mossberg*, 955 F.3d at 993. As a result of the Federal Circuit's decision on appeal and remand to this Court, fewer than all of NLC's patent-infringement claims have been resolved. "When an action presents more than one claim for relief," an adjudication of "fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

In *O.F. Mossberg*, the Federal Circuit recognized that neither the Supreme Court of the United States nor the Federal Circuit has gone "so far as to hold that one could become a prevailing party without a final court decision." 955 F.3d at 993. Although the Supreme Court held in *CRST* that a "defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason," that holding nonetheless

contemplates entry of a "final judgment" before prevailing-party status can be determined.  578 U.S. at 431; *accord id.* at 422 (observing that a plaintiff is a prevailing party if the plaintiff "secures an enforceable judgment on the merits" (internal quotation marks omitted)); *Dellew Corp. v. United States*, 855 F.3d 1375, 1380 (Fed. Cir. 2017) (observing that prevailing-party status can arise from "court action equivalent to a judgment" (internal quotation marks omitted)); *Halpern v. Principi*, 384 F.3d 1297, 1304–05 (Fed. Cir. 2004) (observing that "prevailing party status must be determined based upon the final judgment entered in [a] civil action").[3]  When "there is no final court decision," a litigant "cannot be a prevailing party for purposes of attorney's fees under § 285."  *O.F. Mossberg*, 995 F.3d at 993.  In light of the Federal Circuit's decision on appeal, this case has not reached a final judgment and prevailing-party status cannot be determined.

Accordingly, NLC's Rule 60(b) motion to vacate the Fees Order is granted to the extent that the Fees Order is based on St. Jude's status as a "prevailing party" pursuant to 35 U.S.C. § 285.  For this same reason, the August 11, 2021 Cost Judgment also must be

---

[3]     The United States Court of Appeals for the Eighth Circuit has similarly observed, in other contexts, that "status as a prevailing party is determined on the outcome of the case as a whole, rather than by piecemeal assessment of how a party fares on each motion along the way," and that "reversal on appeal of the merits can change a prevailing party into a non-prevailing party, and require that earlier fee awards be vacated." *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 714 (8th Cir. 1997).  Although Eighth Circuit law is not controlling as to this patent-infringement issue, the observations in *Jenkins* are both persuasive and consistent with the opinions of the Supreme Court and the Federal Circuit.

vacated.  *See* Fed. R. Civ. P. 54(d)(1) (providing that "costs—other than attorney's fees—should be allowed to the *prevailing party*" (emphasis added)).[4]

### 2.    Attorneys' Fees and Costs Under 28 U.S.C. § 1927

In its Fees Order, this Court also granted St. Jude's motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1927 based on the unreasonable and vexatious litigation conduct of NLC's attorneys.

A district court may require an attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" as a result of that attorney "multipl[ying] the proceedings . . . unreasonably and vexatiously."  28 U.S.C. § 1927.  A motion for sanctions under Section 1927 is governed by the law of the United States Court of Appeals for the Eighth Circuit.  *See Nystrom v. TREX Co.*, 424 F.3d 1136, 1141 (Fed. Cir. 2005) ("This court reviews a district court's denial of a motion for sanctions under 28 U.S.C. § 1927 pursuant to the law of the regional circuit.").  In the Eighth Circuit, sanctions under Section 1927 are appropriate when "attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."  *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (internal quotation marks omitted).

Unlike "exceptional case" attorneys' fees under 35 U.S.C. § 285, nothing in the statutory text of 28 U.S.C. § 1927 limits such sanctions to a "prevailing" party.  As NLC

---

[4]    Nothing in this Order shall be construed as limiting either party's ability to seek attorneys' fees and costs as a prevailing party, pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d)(1), at the conclusion of this litigation.

correctly acknowledges, Section 285 and Section 1927 serve distinct purposes. The purpose of Section 285 is "to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). By contrast, the primary purpose of sanctions under Section 1927 is to deter intentional misconduct by attorneys. *Beatrice Foods Co. v. New Eng. Printing & Lithographing Co.*, 899 F.2d 1171, 1177 (Fed. Cir. 1990); *see also United States v. Davis*, 52 F.3d 781, 782 (8th Cir. 1995) (recognizing that Section 1927 imposes liability for vexatious litigation to deter such conduct). Indeed, "Section 1927 does not distinguish between winners and losers and is concerned only with limiting the abuse of court processes." *Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 1006 (D. Minn. 2012) (internal quotation marks omitted); *accord Gurman v. Metro Hous. & Redevelopment Auth.*, 884 F. Supp. 2d 895, 905 (D. Minn. 2012) (imposing Section 1927 sanction *against* prevailing plaintiffs).

As this Court found in its Fees Order, NLC's attorneys engaged in bad-faith efforts to prolong this litigation after October 2019. These cumulative efforts included repeatedly relying on evidence that had not been disclosed during fact discovery, repeatedly disregarding the deadlines established in the Court's scheduling order, willfully violating this Court's order striking improper evidence, and advancing unreasonable and meritless arguments. NLC persisted in this conduct even after St. Jude repeatedly identified deficiencies in the merits of NLC's case and warned NLC that St. Jude would seek attorneys' fees if NLC continued to unreasonably prolong this case.

The Court concluded that, because this conduct demonstrates intentional and reckless disregard of NLC's attorneys' duties to the Court, Section 1927 sanctions are warranted.

The Federal Circuit's decision on appeal does not disturb the foregoing findings.[5] To the contrary, the Federal Circuit's decision reenforces these findings.  In particular, the Federal Circuit affirmed this Court's conclusion that NLC presented no triable issue as to the alleged infringement of claim 11 of the '268 Patent, this Court's exclusion of expert testimony that relied on facts not disclosed during fact discovery, and this Court's imposition of sanctions for willfully violating a court order.  And the Federal Circuit's decision is not inconsistent with this Court's finding that, after claim construction, NLC's remaining patent-infringement claim was so lacking in merit that that NLC "was legally obligated either to abandon its case altogether or to limit itself to challenging the . . . claim construction order on appeal."  *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 954 (Fed. Cir. 2010).  Nor is the Federal Circuit's decision inconsistent with this Court's finding that, although substantial evidentiary deficiencies in NLC's case should have been apparent to NLC in October 2019, NLC persisted in litigating the alleged infringement of claim 11 and repeatedly

---

[5]     The Court is mindful that the Federal Circuit found merit in some of NLC's summary judgment arguments that this Court had previously rejected.  However, the Federal Circuit also rejected NLC's arguments pertaining to steps 2 and 3 of claim 11 of the '268 Patent.  Moreover, NLC advanced other unreasonable and baseless arguments, as identified in the Fees Order, including NLC's plainly false contention that the Court "did not grant summary judgment [to St. Jude] due to a lack of evidence."  As such, nothing in the Federal Circuit's decision calls into question this Court's finding that NLC's attorneys engaged in bad-faith efforts to prolong this litigation after October 2019 by advancing unreasonable and meritless arguments.

attempted to bolster its litigation position by violating court orders and advancing unreasonable and meritless arguments.

Accordingly, NLC's Rule 60(b) motion to vacate the Fees Order is denied to the extent that the Fees Order is based on the unreasonable and vexatious conduct of NLC's attorneys pursuant to 28 U.S.C. § 1927.

## II.    Reasonable Attorneys' Fees and Costs Resulting from Unreasonable and Vexatious Litigation Conduct (28 U.S.C. § 1927)

As addressed above, the Court previously granted St. Jude's motion for sanctions, pursuant to 28 U.S.C. § 1927, and concluded that NLC's attorneys will be required to personally satisfy any award of attorneys' fees and costs.  The Court must now determine the scope of such sanctions.

The primary purpose of sanctions under Section 1927 is to deter intentional misconduct by attorneys.  *Beatrice Foods*, 899 F.2d at 1177; *Davis*, 52 F.3d at 782; *Welk*, 850 F. Supp. 2d at 1006.  "Because section 1927 is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing [a] client."  *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (internal quotation marks omitted).  A district court has substantial discretion when ordering sanctions under Section 1927.  *Lee*, 236 F.3d at 445.

The Court must carefully distinguish between facts that might render a case "exceptional" under 35 U.S.C. § 285, for which compensatory sanctions may be imposed, and facts that render attorneys' conduct "vexatious" under 28 U.S.C. § 1927, for which deterrent penal sanctions may be imposed.  *See id.* at 446.  A case is "exceptional" if an

alleged infringer prevails and the substantive strength of the patentee's claims were "exceptionally meritless" yet pursued by the patentee in a manner that demonstrates "subjective bad faith." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554–55 (2014). By contrast, attorney conduct is "vexatious" only to the extent that, when viewed objectively, it "manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee*, 236 F.3d at 445 (internal quotation marks omitted).

Significantly, not all of NLC's attorneys' conduct after October 2019 prolonged these proceedings unreasonably and vexatiously through intentional or reckless disregard of the attorneys' duties to this Court. And "a sanctioning court must make an effort to isolate the additional costs and fees incurred by reason of conduct that violated § 1927." *Id.* at 446. With these legal principles in mind, the Court must determine the scope of Section 1927 sanctions that are warranted in this case, both in terms of the amount of the sanction and which individual attorneys are subject to the sanction.

### A.    Reasonableness of Claimed Attorneys' Fees

St. Jude contends that it incurred $505,479.05 in attorneys' fees after the Court issued its claim construction order in October 2019. The parties dispute whether these requested amounts are reasonable.

A district court has substantial discretion when determining the reasonableness of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983); *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000). The burden of establishing the reasonableness of such fees rests with the party seeking attorneys' fees. *Hensley*, 461

U.S. at 433–34.   Courts employ the lodestar method when determining the amount of reasonable attorneys' fees.   *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986).   Under this method, the lodestar amount is presumed to be the reasonable fee to which counsel is entitled.   *Id.* at 564; *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988).   To calculate the lodestar amount, a district court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate, *Hensley*, 461 U.S. at 433, which must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).   The party seeking an attorneys' fees award has the burden to establish entitlement to an award with documentation that addresses the nature of the work, the appropriateness of the hourly rates and the hours expended.   *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).   The Court addresses, in turn, the reasonableness of St. Jude's claimed hourly rates and number of hours expended.

### 1.    Hourly Rates

St. Jude seeks attorneys' fees for work primarily performed by eight attorneys, including two partners and six associates, as well as one paralegal.   The hourly rates of St. Jude's paralegal and associate attorneys, who performed the majority of the claimed work, range from $245 to $350.   The two partners who performed work for St. Jude charged hourly rates of $495 and $525.

Although NLC does not specifically challenge the reasonableness of the hourly rates charged by St. Jude's counsel, the Court nonetheless must confirm that the claimed hourly rates are reasonable.  A district court may rely on its experience and knowledge of prevailing market rates to determine whether the claimed hourly rate is reasonable. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).  A reasonable fee is "one that is adequate to attract competent counsel, but . . . [that does] not produce windfalls to attorneys."  *McDonald*, 860 F.2d at 1458 (quoting *Blum*, 465 U.S. at 897).  The "skill, experience, and reputation of counsel are key factors bearing on a rate's reasonableness." *Id.* at 1459.  Here, St. Jude claims hours billed by two partners, six associates, and one paralegal from law firms in Chicago, Illinois, and Minneapolis, Minnesota.  The record reflects that these individuals collectively have more than 75 years of litigation experience, largely involving intellectual property matters.  The Court has considered these facts along with the Court's experience and knowledge of prevailing market rates, which are consistent with the hourly rates claimed by St. Jude.

For these reasons, the Court concludes that St. Jude's claimed hourly rates are reasonable and consistent with the rates in this community for similar services by lawyers of comparable experience.

## 2.    Number of Hours Expended

St. Jude seeks $505,479.05 in attorneys' fees for 1,334.2 hours of work performed after the Court issued its claim construction order in October 2019.  The Court must determine what portion of these claimed attorneys' fees St. Jude incurred by reason of

NLC's attorneys' intentional, reckless or otherwise "vexatious" conduct.  *See Lee*, 236 F.3d at 446.  In doing so, the Court strictly construes Section 1927 to further the statutory purpose of deterring vexatious conduct without dampening the legitimate zeal of an attorney's representation of his or her client.  *See Lee*, 177 F.3d at 718.

As the Court previously found, NLC's attorneys repeatedly disregarded the deadlines established in the Court's scheduling order, willfully violated the Court's order striking improper evidence, and advanced unreasonable and meritless arguments on multiple occasions.  Most egregiously, NLC's violations of court orders required St. Jude to move to strike NLC's untimely evidence, to move to enforce the magistrate judge's order striking evidence and for sanctions, and to respond to NLC's appeals of the magistrate judge's decisions pertaining to these issues.  These specific aspects of NLC's attorneys' conduct multiplied these proceedings unreasonably and involved intentional or reckless conduct, as the Court previously found.  Having reviewed St. Jude's billing records and identified the billing entries that appear to specifically relate to these issues, the Court has reasonably identified $49,120 in attorneys' fees directly attributable to NLC's attorneys' intentional or reckless disregard or violation of court orders.[6]

---

[6]    This amount is calculated based on the relevant billing entries in Exhibit B to the November 24, 2021 declaration of Samuel J. Ruggio.  This amount excludes billing entries from March 12, 2020, through May 11, 2020, which the Court has reasonably determined are encompassed by the $35,985.75 attorneys' fees sanction that the magistrate judge previously imposed on NLC in August 2020.

NLC argues that St. Jude improperly seeks attorneys' fees for work that the magistrate judge previously denied.  When the magistrate judge sanctioned NLC, she exercised her discretion and did *not* award additional attorneys' fees that St. Jude incurred when NLC appealed the magistrate judge's order.  But the magistrate judge did

The attorneys' fees St. Jude incurred based on other unreasonable and vexatious conduct that the Court previously identified—most significantly, NLC's pursuit of unreasonable and meritless arguments—are more difficult to isolate for several reasons.

First, although NLC's pursuit of meritless arguments may have contributed to prolonging this litigation, this conduct is intertwined with conduct that does *not* necessarily rise to the level of intentional, reckless or otherwise "vexatious" conduct subject to sanctions under Section 1927. A district court imposing Section 1927 sanctions "must make an effort to isolate the additional costs and fees incurred by reason of conduct that violated § 1927." *Lee*, 236 F.3d at 446. Not every weak or unsuccessful argument advanced by NLC is sanctionable as vexatious—if that were true, then every unsuccessful argument in every case could subject an attorney to Section 1927 sanctions. In addition, St. Jude filed affirmative motions for summary judgment, to exclude expert witness testimony, and for attorneys' fees, which included unmeritorious arguments and contributed to the length and expense of this litigation. Moreover, some of St. Jude's attorneys' fees might have been incurred even if NLC had abandoned this case after the Court issued its claim construction order.[7]

Second, when conducting a lodestar analysis, a district court should exclude "hours that were not reasonably expended," and counsel "should make a good faith effort

---

not find that these requested fees were unreasonable. The fact that the magistrate judge exercised her discretion and declined to award certain categories of attorneys' fees in August 2020 does not preclude the Court from awarding those fees now.

[7]     Indeed, it seems likely that St. Jude would have sought sanctions, attorneys' fees and costs even if this case had ended earlier.

to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted); *accord Orduno v. Pietrzak*, 932 F.3d 710, 720 (8th Cir. 2019). Because incomplete or imprecise billing records may prevent a district court from meaningfully reviewing a request for excessive, redundant, or otherwise unnecessary hours, "[i]nadequate documentation may warrant a reduced fee." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991).

St. Jude's billing records reflect 1,334.2 hours of work performed by eight attorneys and one paralegal. Notably, although this case involved complex technical issues, only one patent claim remained in dispute after claim construction. And that single claim had little factual or legal merit. Indeed, when seeking sanctions in this case, St. Jude argued—and this Court agreed—that NLC's remaining claim was so lacking in merit that NLC should have abandoned its case or limited itself to challenging the Court's claim construction order on appeal. It is plainly inconsistent for St. Jude to argue that NLC's single patent-infringement claim was so objectively meritless that a reasonable attorney should have abandoned the claim and simultaneously argue that defending against this single meritless claim required more than 1,300 hours of work by a large team of experienced attorneys from two law firms. In light of the number of attorneys involved and hours expended after October 2019, when compared to the overall complexity of this case during that time, it is probable that St. Jude overstaffed this case

and that its attorneys performed redundant, unnecessary, and excessive work.[8]   St. Jude's request for more than half a million dollars in attorneys' fees incurred defending against a single claim of little merit is facially unreasonable.

To the extent that St. Jude's inefficiencies contributed to the length and expense of this litigation, it would be improper to hold NLC's attorneys financially accountable for fees unreasonably incurred as a result of such inefficiencies.  *See* 28 U.S.C. § 1927 (permitting sanction against attorneys for excess fees "*reasonably* incurred" because of vexatious conduct (emphasis added)).  Indeed, the purpose of Section 1927 sanctions is to penalize and deter intentional misconduct, not to compensate or provide a windfall to a party or to dampen the legitimate zeal of an attorney representing his or her client.  *See Lee*, 177 F.3d at 718.

Third, many of St. Jude's attorneys' billing entries have vague descriptions or combine multiple tasks into a single lengthy billing entry.  Examples of such entries include, but are not limited to, numerous hours spent "brainstorm[ing]" or "streamlin[ing]" arguments; "review[ing]" materials and transcripts; "prepar[ing]" for meetings, depositions and court appearances; and engaging in various teleconferences, "strategy" discussions and other meetings.  This lack of clarity makes it impossible for

---

[8]    That St. Jude's attorneys performed redundant, unnecessary and excessive work is further demonstrated by the substantive merits of St. Jude's arguments.  Although St. Jude prevailed on summary judgment, St. Jude has advanced several weak or meritless arguments that the Court has rejected.  For example, the Court denied every aspect of St. Jude's motion to exclude NLC's technical expert and granted St. Jude's motion to exclude NLC's damages expert only in part.  The Court also rejected St. Jude's motion for sanctions under Rule 11, Fed. R. Civ. P., as both procedurally improper and substantively meritless.

the Court to precisely identify and eliminate attorneys' fees that are either unreasonable or unattributable to vexatious conduct.

For these reasons, the Court will exercise its discretion and limit the Section 1927 sanction to the $49,120 in attorneys' fees identified above, which is the most precise amount that the Court can discern as directly attributable to NLC's attorneys' intentional or reckless disregard or violation of court orders. The Court concludes that this sanction is sufficient to deter similar future misconduct and is consistent with Section 1927 sanctions previously imposed in the Eighth Circuit and this District.[9]

## B.     Reasonableness of Claimed Costs Incurred

St. Jude contends that it also incurred $230,510.65 in expert witness fees and $17,120.42 in other nontaxable costs after the Court issued its claim construction order in October 2019.[10] The parties dispute whether these requested amounts are reasonable.

---

[9]     *See, e.g.*, *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018) (affirming imposition of $25,665 sanction); *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (affirming imposition of $20,000 sanction under Section 1927); *Ks. Pub. Emp. Ret. Sys. v. Reimer & Koger Assocs.*, 165 F.3d 627, 631 (8th Cir. 1999) (affirming imposition of approximately $35,000 sanction under Section 1927); *Welk v. GMAC Mortg., LLC*, No. 11-CV-2676 PJS/JJK, 2012 WL 3260355, at *7 (D. Minn. Aug. 8, 2012) (imposing sanction of approximately $30,000 under Section 1927), *aff'd* 720 F.3d 736 (8th Cir. 2013); *Deretich v. St. Francis*, 650 F. Supp. 645, 649 (D. Minn. 1986) (imposing sanction of approximately $54,000).

[10]     St. Jude previously recovered *taxable* costs by filing a bill of costs and obtaining a cost judgment from the Clerk of Court. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); LR 54.3(c). Additional *nontaxable* costs may be sought if authorized by statute. *See Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008) (observing that costs not allowed under 28 U.S.C. § 1920 may be awarded as part of an attorneys' fee award if authorized by statute); *Marshall v. Anderson Excavating & Wrecking Co.*, No. 8:14-CV-96, 2017 WL 1054039, at *4 (D. Neb. Mar. 20, 2017) (recognizing that "the

### 1.   Expert Witness Fees

The parties first dispute whether St. Jude may recover expert witness fees.  The parties' arguments pertain to whether such fees may be recovered under 35 U.S.C. § 285, which is no longer implicated in this case for the reasons addressed in Part I of this Order. The parties have not addressed whether expert witness fees may be awarded under 28 U.S.C. § 1927.

A district court may sanction a party for "excess *costs, expenses, and attorneys' fees* reasonably incurred because of" unreasonable and vexatious litigation conduct.  28 U.S.C. § 1927 (emphasis added).  Generally, "expert witness fees are . . . not part of attorney's fees."  *Johnson Tr. of Operating Eng'rs v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 528 (8th Cir. 2020).  And " 'costs' is a term of art that generally does not include expert fees."  *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019) (internal quotation marks omitted); *accord Johnson Tr. of Operating Eng'rs*, 950 F.3d at 528.

Some courts have interpreted the term "expenses" in Section 1927 and other fee-shifting statutes to include expert fees.  *See Hyatt v. Hirshfeld*, 16 F.4th 855, 864 (Fed. Cir. 2021) (collecting cases).   But the Supreme Court has cautioned that, when interpreting a fee-shifting statute, courts should consider "the bedrock principle known as the 'American Rule': Each litigant pays his [or her] own attorney's fees, win or lose,

---

distinction between 'taxable' and 'nontaxable' costs is important" because "taxable costs must be presented to the Court through a bill of costs, but nontaxable costs need not be"); *see also* Fed. R. Civ. P. 54(d) (providing distinct procedures for seeking taxable and nontaxable costs).

unless a statute or contract provides otherwise." *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 370 (2019) (internal quotation marks omitted). The Supreme Court "has never suggested that any statute is exempt from the presumption against fee shifting." *Id.* at 371. As such, "Congress must provide a sufficiently specific and explicit indication of its intent to overcome the American Rule's presumption against fee shifting." *Id.* at 372 (internal quotation marks omitted).[11] Applying this reasoning, some courts have concluded that the term "expenses" in a fee-shifting statute does not include expert witness fees. *See, e.g.*, *Hyatt*, 16 F.4th at 865 (concluding that the term "expenses" in a fee-shifting statute "is not sufficiently specific and explicit to overcome the presumption against shifting fees"). This Court has not identified an Eighth Circuit decision interpreting the term "expenses" in Section 1927.

The Court need not resolve this question, however, because even if expert witness fees are recoverable as "expenses" under Section 1927, St. Jude must establish that the expert witness fees were "reasonably incurred because of" NLC's unreasonable and vexatious conduct. 28 U.S.C. § 1927. As addressed above, although NLC's pursuit of weak or unsuccessful arguments may have prolonged this litigation, this conduct is intertwined with conduct that does *not* necessarily rise to the level of intentional, reckless or otherwise "vexatious" conduct subject to sanctions under Section 1927. Sanctions

---

[11]   Notably, unlike Section 1927, some fee-shifting statutes expressly include expert witness fees. *See, e.g.*, 28 U.S.C. § 2412(d)(2)(A) (providing that " 'fees and other expenses' includes the reasonable expenses of expert witnesses" under the Equal Access to Justice Act); 42 U.S.C. § 1988(c) (providing that courts may award expert fees in cases brought under the Civil Rights Act of 1866).

under Section 1927 are appropriate when "attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee*, 236 F.3d at 445 (internal quotation marks omitted).   Nothing in the record demonstrates a direct nexus between St. Jude's expert witness fees and NLC's attorneys' intentional or reckless disregard of their duties.   And to the extent that any such a nexus exists, it is impossible for the Court to precisely identify and eliminate expert witness fees that are not directly attributable to NLC's attorneys' sanctionable conduct. Moreover, St. Jude has not demonstrated that the combination of reasonable attorneys' fees and other nontaxable costs awarded by this Order are insufficient to sanction and deter NLC's misconduct in this case.

For these reasons, the Section 1927 sanction imposed on NLC will not include St. Jude's requested $230,510.65 in expert witness fees.

### 2.    Nontaxable Costs

St. Jude also seeks $17,120.42 in nontaxable costs incurred after October 2019. Although NLC does not advance a specific objection to St. Jude's claimed costs, the Court must independently evaluate the claimed costs for reasonableness.

The record includes a table titled "LITIGATION COSTS AND EXPENSES" that lists categorized expenses organized by month, beginning with November 2019.   This table reflects that St. Jude incurred a total of $29,410.51 in litigation costs from November 2019 through April 2021.   From this total, St. Jude subtracts $12,290.09 to offset the amount of taxable costs that the Clerk of Court allowed in an August 11, 2021

Cost Judgment.[12]  After subtracting the taxable costs allowed by the Clerk of Court, St. Jude's claimed nontaxable costs total $17,120.42.

St. Jude's calculation is improper in at least two ways.  First, St. Jude's calculation does *not* account for an additional $6,968.91 in transcript-related taxable costs that St. Jude sought in its bill of costs, which the Clerk of Court denied.  Many of those denials were based on St. Jude's insufficient explanation or documentation.  Because St. Jude has not remedied these deficiencies in its subsequent submissions to the Court, St. Jude has not established that these costs were reasonably incurred or attributable to NLC's attorneys' vexatious conduct.  Second, the taxable costs allowed by the Clerk of Court were not limited to the period after October 2019, the only time period for which the Court has awarded St. Jude attorneys' fees and costs under 28 U.S.C. § 1927.  Consequently, St. Jude's mere subtraction of the $12,290.09 in taxable costs allowed by the Clerk of Court is not a rational basis for establishing the amount of reasonable nontaxable costs that St. Jude incurred after October 2019.  For these reasons, the Court

---

[12]      As addressed in Part I.B.1. of this Order, the Cost Judgment must be vacated because St. Jude no longer qualifies as the prevailing party.  *See* Fed. R. Civ. P. 54(d)(1) (providing that "costs—other than attorney's fees—should be allowed to the *prevailing party*" (emphasis added)).  But for the purpose of determining the appropriate sanction under 28 U.S.C. § 1927, the Court will not include the $12,290.09 in taxable costs previously allowed by the Clerk of Court for three reasons.  First, this amount is not limited to costs incurred after October 2019 and it is impossible for the Court to precisely identify and eliminate costs that are not directly attributable to NLC's attorneys' intentional, reckless or otherwise "vexatious" conduct.  Second, these taxable costs will be recoverable by the prevailing party at the conclusion of this litigation.  And third, St. Jude has not demonstrated that the combination of reasonable attorneys' fees and nontaxable costs awarded under Section 1927 are insufficient to sanction and deter NLC's misconduct in this case.

CASE 0:17-cv-05096-WMW-BRT   Doc. 381   Filed 08/26/22   Page 26 of 30

must evaluate St. Jude's submissions to determine what reasonable costs are adequately supported by the record.

St. Jude's table of litigation costs and expenses reflects $29,410.51 in total costs incurred after October 2019, organized into the following nine categories: FedEx, Travel Airline, Travel Ground, Meals, Hotel/Lodging, Court Reporter Fees, Depositions/Transcripts, Mileage, and Miscellaneous. Because the record includes no meaningful description of the "Miscellaneous" category, the Court cannot determine whether these costs are reasonable and, therefore, deducts the $81.95 in costs that St. Jude claims in this category. In addition, the "Court Reporter Fees" and "Depositions/Transcripts" categories appear to be duplicative of transcript-related costs that St. Jude previously sought in its bill of taxable costs as a prevailing party.[13] Accordingly, the Court deducts the $20,581.43 in transcript-related costs that St. Jude claims in these categories. The costs that St. Jude claims in the remaining six categories appear to be qualitatively and quantitatively reasonable and close in time to NLC's sanctionable conduct, and NLC has raised no specific objection to these amounts. Moreover, these amounts are adequate to sanction and deter NLC's misconduct in this case under Section 1927. The Court, therefore, limits St. Jude's award of nontaxable

---

[13] To the extent that these categories are *not* duplicative of transcript-related costs that St. Jude previously sought, St. Jude has provided insufficient information from which the Court can distinguish between duplicative and nonduplicative costs. Nor can the Court determine what portion of these costs are directly attributable to NLC's sanctionable conduct. It is St. Jude's burden to establish that the claimed costs were reasonably incurred, *see* 28 U.S.C. § 1927; *Hensley*, 461 U.S. at 437, and St. Jude has failed to meet this burden with respect to these transcript-related costs.

costs accordingly.  *See Lee*, 236 F.3d at 446 (observing that "a sanctioning court must make an effort to isolate the additional costs and fees incurred by reason of conduct that violated" Section 1927, but recognizing that this "task is inherently difficult, and precision is not required").

For these reasons, the Court awards St. Jude \$8,747.13 in nontaxable costs based on the deductions addressed herein.

### C.    Attorneys Subject to Sanction

NLC argues that its local counsel should be excluded from liability for the Section 1927 sanction imposed.  According to NLC, its local counsel should not be held liable in light of the narrow scope of their responsibilities as local counsel in this case.

In a November 18, 2021 Order, this Court observed that NLC had the opportunity to present these arguments and evidence to the Court when NLC initially opposed St. Jude's motion for attorneys' fees, but NLC did not do so.  As the Court also observed, NLC's local counsel have been involved in this case from the lawsuit's inception, having filed NLC's complaint in November 2017.  And under this District's local rules, local counsel must "participate in the preparation and presentation of the case."  LR 83.5(d)(2)(A).  Consistent with this obligation, NLC's local counsel's names appear in the signature block of all of NLC's submissions to the Court, including the submissions that led this Court to conclude that NLC's attorneys intentionally and recklessly disregarded their duties to the Court.  Based on the record before the Court at that time, the Court observed that NLC's local counsel had either participated in the preparation

and presentation of NLC's case (including any sanctionable conduct), or NLC's local counsel did *not* participate in the sanctionable conduct, which reflects an intentional or reckless disregard of local counsel's duties to the Court under Local Rule 83.5(d)(2)(A).

NLC has now supplemented the record with additional evidence and arguments as to its local counsel's role in this case. The record now undisputedly demonstrates that NLC's local counsel did *not* actively participate in the vexatious conduct that the Court has found to be sanctionable under Section 1927. Significantly, NLC's lead counsel accepts full responsibility for any such conduct, asserting that NLC's local counsel "has been adequately punished and deterred, given the scope of [local counsel's] culpability," based on the reputational impact of the Court's prior findings and conclusions in this matter. Reputational consequences may, in some circumstances, provide sufficient sanction or deterrence to satisfy the purpose of Section 1927. *See, e.g.*, *Rottlund Co. v. Pinnacle Corp.*, No. Civ.01-1980 DSD/SRN, 2005 WL 407860, at *1 (D. Minn. Feb. 17, 2005) (observing that, "in view of the fact that the magistrate judge's reproval of [counsel] has received wide publication, the court finds that no further sanction is necessary or appropriate" under Section 1927 (internal citation omitted)). Here, the record reflects that the reputational consequences of this Court's prior orders have provided adequate sanction and deterrence as to NLC's local counsel.

Moreover, although NLC's local counsel may have disregarded the duty to adequately "participate in the preparation and presentation of the case," LR 83.5(d)(2)(A), the record does not reflect that this particular conduct multiplied the

proceedings in this case. Nor does the record reflect that St. Jude incurred any excess attorneys' fees or costs as a direct result of local counsel's conduct. *See* 28 U.S.C. § 1927 (permitting sanction against attorneys for excess expenses "reasonably incurred *because of*" vexatious conduct (emphasis added)); *Lee*, 236 F.3d at 446 (observing that a district court imposing sanctions "must make an effort to isolate the additional costs and fees incurred by reason of conduct that violated § 1927"). As such, to the extent that NLC's local counsel is culpable for any sanctionable conduct in this case, that culpability is minimal.

Accordingly, NLC's local counsel is not liable for the sanction imposed by this Order pursuant to 28 U.S.C. § 1927.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.      Plaintiff Niazi Licensing Corporation's (NLC) motion to vacate, (Dkt. 370), is **GRANTED IN PART AND DENIED IN PART** as follows:

> a.  the Court's October 25, 2021 Order, (Dkt. 335), is **VACATED IN PART** only to the extent that the Order is based on Defendant St. Jude Medical S.C., Inc.'s (St. Jude) status as a "prevailing party" under 35 U.S.C. § 285;
>
> b.  the August 11, 2021 Cost Judgment, (Dkt. 334), is **VACATED**; and
>
> c.  NLC's motion to vacate, (Dkt. 370), is **DENIED** in all other respects.

2.      St. Jude's request for attorneys' fees and costs, (Dkt. 341), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

3.      St. Jude is awarded reasonable attorneys' fees and costs, pursuant to 28 U.S.C. § 1927, in the following amounts:

      a.   $49,120 in reasonable attorneys' fees; and

      b.   $8,747.13 in reasonable costs.

4.      NLC's lead counsel, attorneys Michael T. Griggs and Sarah M. Wong of Boyle Fredrickson, S.C., shall personally satisfy the foregoing award of attorneys' fees and costs pursuant to 28 U.S.C. § 1927.

5.      No later than 7 days after the date of this Order, the parties shall contact the Chambers of United States Magistrate Judge Becky R. Thorson to schedule a status conference to address how this case should proceed on remand in light of the decision of the United States Court of Appeals for the Federal Circuit.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: August 26, 2022                                     s/Wilhelmina M. Wright____
                                                          Wilhelmina M. Wright
                                                          United States District Judge