UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Niazi Licensing Corporation,

        Plaintiff,

v.

St. Jude Medical S.C., Inc.,

        Defendant.

Case No. 17-cv-5096 (WMW/DJF)

**ORDER**

      This matter is before the Court on the parties' Joint Motion to Seal ("Sealing Motion") (ECF No. 440) filed in connection with Plaintiff's Motion to Enforce Settlement ("Settlement Motion") (ECF No. 421). Plaintiff filed its memorandum (ECF No. 423), reply (ECF No. 437), and two exhibits (ECF Nos. 425-1, 425-2) in support of its Settlement Motion under seal. Plaintiff also publicly filed a redacted version of each document. (ECF Nos. 424, 429, 426-2[1], 438.) Additionally, Defendant filed its response to Plaintiff's Settlement Motion (ECF No. 431) and several exhibits (ECF Nos. 434, 434-1, 434-2, 434-3, 434-4, 434-5, 434-6, 434-7, 434-8, 435, 435-1) under seal. Defendant publicly filed a redacted version of its response (ECF No. 438), but filed two exhibits for *in camera* review only (ECF Nos. 435, 435-1), and stated that redaction of its remaining exhibits was impracticable (ECF No. 436). The parties agree that all documents filed under seal and the related redactions should remain sealed because they contain confidential and sensitive

---

[1] The redacted version (ECF No. 426-2) of Plaintiff's second exhibit ("Exhibit B") (ECF No. 425-2) does not actually include any redactions. It is unclear why Plaintiff seeks to seal a document it already filed publicly.

information relating to their settlement negotiations.[2] (ECF No. 440.)

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires the Court to balance the competing interests of public access against the legitimate interests of maintaining confidentiality of the information sought to be sealed. *Id.* at 1123. "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d. Cir. 1995).

The parties filed the documents at issue in connection with Plaintiff's Motion to Enforce Settlement (ECF No. 21). While these documents ultimately may play a role in the District Judge's exercise of Article III judicial power, the Court finds good cause to grant in part the parties' motion in this particular in this instance. The Court sees no reason to seal Plaintiff's Exhibit B (ECF No. 425-2), since Plaintiff already publicly filed that document without redaction (ECF No.426-2). Having carefully reviewed the sealed portions of the remaining documents at issue, the Court finds they contain sensitive information related to their confidential settlement negotiations, including drafts of the settlement agreement itself. The Court concludes that the parties' legitimate interests in maintaining confidentiality as to these documents outweigh any public interest in unsealing them. *See HEARINGPRO, Inc. et al. v. Miracle-Ear, Inc.*, Civ. No. 23-890 (NEB/LIB), 2023 WL 5276871, *3, (D. Minn. July 5, 2023) (finding information related to settlement agreement is appropriately

---

[2] Defendant states that it does not believe Plaintiff's Exhibit B (ECF No. 425-2) contains confidential information, but it does not oppose Plaintiff's request to seal the information. (ECF No. 440 at 2 n.1.)

kept under seal).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion to Seal (ECF No. [440]) is **GRANTED IN PART** as follows:

1. The Clerk is directed to keep ECF Nos. [423], [425-1], [431], [434], [434-1], [434-2], [434-3], [434-4], [434-5], [434-6], [434-7], [434-8] and [435], [435-1], and [437] under seal.

2. ECF No. [425-2] shall be unsealed.

Dated:  November 17, 2023                *s/ Dulce J. Foster*
                                                              DULCE J. FOSTER
                                                              United States Magistrate Judge